60 109
88 218

SAMUEL L. FOSTER vs. ELIZABETH WYLIE.

*Chose in action payable to a bankrupt—in whose name to be sued.*

An account payable to one who has since gone into bankruptcy, may be sued in the bankrupt's name, notwithstanding his assignee sold it to another, for whose benefit the action was brought.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county.

ASSUMPSIT on an account annexed.

After the contraction of the alleged indebtedness of the defendant to the plaintiff, the latter filed his petition in bankruptcy and received his discharge under the provisions of the U. S. bankrupt act of 1867, prior to the commencement of this action.

The plaintiff offered to prove that the alleged claim against the defendant was sold at auction by the plaintiff's assignee in bankruptcy under the provisions of said act, and prior to the date of the writ. But the presiding justice ruled that the action could not be maintained in the name of the plaintiff, and the plaintiff alleged exceptions.

*Mattocks & Fox*, for the plaintiff.

*S. L. Carlton*, for the defendant.

WALTON, J. An action may be maintained on a chose in action payable to the plaintiff, notwithstanding he has gone into bankruptcy, and the demand has been sold by his assignee, and the action is brought for the benefit of the purchaser.

The authority given an assignee in bankruptcy to sue for and recover, in his own name, the debts due the bankrupt, is not for the benefit of the debtors, nor of the purchasers of such debts, but for the benefit of the estate; and when the estate is not to be benefited by such a suit, no reason is perceived why it should be brought

in his name. Certainly, the objection that the action is not brought in the name of the assignee in bankruptcy is one which the defendant cannot avail himself of; for he is in no way prejudiced by it. Every ground of defense is open to him that would be if it were thus brought. *Stone* v. *Hubbard*, 7 Cush. 595; *Drury* v. *Vannevar*, 5 Cush. 442.                    *Exceptions sustained.*

APPLETON, C. J., KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.