J. P. MIMS AND ANOTHER V. H. SWARTZ.

37  13
74  500
37  13
88  125

1. Judicial cognizance must be taken by the State courts of the Bankrupt Law of the United States, and of its provisions.
2. The official acts of a bankrupt's assignee cannot be collaterally impeached in a State court.  An assignee's bill of sale of an account is competent and sufficient evidence of the transfer of the account, even without evidence of the assignee's appointment—that fact not having been put in issue by the pleadings.  Nor is it necessary for the transferee to prove an order of the Bankrupt Court directing the assignee to sell the assets.
3. The transferee of an open account may maintain suit on it in his own name, or he may sue in the name of the original creditor as a nominal plaintiff, for the use of himself, the transferee.

APPEAL from Harrison.  Tried below before the Hon. J. B. Williamson.

The main facts of the case are indicated in the opinion of the court.  The account sued on was originally contracted with the firm of Swartz, Lister & Co., who, on dissolution, transferred it to E. Swartz, one of the firm.  He afterwards became a voluntary bankrupt; and at his assignee's sale of the assets H. Swartz purchased the accounts, including the one sued on.  The suit was originally brought in the names of Swartz, Lister & Co.; and the defendants, Mims & Wood, pleaded in abatement that Lister and Rains had transferred the account, and no longer had any interest in it.

*Chandler, Carleton & Robertson,* for the appellants.

*W. Stedman,* for the appellee.

WALKER, J.  The State courts are bound to take judicial notice of the existence of the Federal courts; it is also supposed that they will know something of the laws of Congress, though not generally called on to administer them.  We know officially that there was a General Bankrupt Law passed on the 2d of March, 1867.

This law provides for the office of assignee in every case of bankruptcy, and the acts of such officer cannot be collaterally impeached in the State courts. There was no error in the judgment of the court admitting in evidence the assignee's bill of sale, to prove the transfer of the account sued on to the intervenor. The fact being admitted that Swartz, the plaintiff, had been adjudged a bankrupt, the court might presume the appointment of an assignee, and the sale by him of the assets of the bankrupt; and the bill of sale was competent evidence to prove that the claim had been transferred to Henry Swartz, the intervenor, and this evidence was sufficient, even in the absence of E. Swartz's testimony.

We can see no legal objection to the admission of the evidence of E. Swartz. The facts to be proven were not of such a nature as to make it necessary to resort to record evidence. Assignees in bankruptcy are public officers whose appointment must at least be approved by the judge of the Federal District Court. (Section 14, General Bankrupt Law, B. R. L.) It is not necessary, in many instances, to prove the official character of public officers. (1 Phil. on Ev., 592 *et. seq.*, and Note 173.)

It was not necessary to prove an order of the District Court, directing the assignee to sell the bankrupt's assets. (Bump, page 303, Note B.)

The intervenor, having become the purchaser of the claim sued on, could prosecute the suit in his own name, or there might be judgment in favor of the plaintiffs for his use. Whichever mode might be adopted could not injuriously affect the appellants; they doubtless owed the debt, and it can matter nothing to them, if they intend an honest payment, to whom they made it.

The plea in abatement was properly overruled; the intervenor had a right to maintain the suit in a court of equitable jurisdiction, on proof of his equitable interest in the account. (Devine *v.* Martin, 15 Texas, 30.)

The verdict in this case is for the plaintiff. The judgment is for the intervenor; but the jury evidently understood their

verdict to be for the intervenor, who had become the plaintiff in the case, taking the place of the original plaintiff, by order of the court on his prayer of intervention. The record might have appeared more regular had the verdict been for the intervenor *eo nomine.*

We find no irregularities upon this record which call for a reversal of the judgment.

The judgment of the District Court is therefore affirmed.

                                                    Affirmed.