UDALL v. SCHOOL DISTRICT No. 4 in HARTFORD.

*School District.    Bankrupt.*

A disclosure of a school district as trustee, made by the clerk in the presence and
with the assistance of the prudential committee, binds the district.
A bankrupt who purchases a claim of his assignee in bankruptcy that was originally
due to him, may maintain suit thereon in his own name.

ASSUMPSIT. The case was referred, and the court, at the De-
cember Term, 1875, BARRETT, J., presiding, rendered judgment
on the report, *pro forma*, for the defendant. Exceptions by
plaintiff. The case appears from the opinion.

*Norman Paul,* for plaintiff.

*T. O. Seaver,* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The defendant had been adjudged the trus-
tee of the plaintiff on its own disclosure, at the suit of one Smith,
on the 8th November, 1870 ; a few days thereafter, the plaintiff
was adjudged a bankrupt, and one Jennings appointed the assignee
of his estate. Jennings collected $29 upon said claim, and sold
the balance to the plaintiff. In the trustee suit, Culver, the clerk
of said district, made the disclosure for the district, the pruden-
tial committee being present and assisting in ascertaining the
amount due to the plaintiff.

I. We think the disclosure such as bound the district in that
proceeding, and was proper evidence to be considered in deter-
mining the amount due in this case.

II. The Bankrupt Act authorizes the assignee to bring in his
own name, any action to enforce the rights of the bankrupt ; and
the question is made, whether the plaintiff, having purchased the
claim of the assignee, can sustain an action in his own name ? In

*Foster* v. *Wylie*, 60 Me. 109, it is held that the purchaser of a *chose in action* of the assignee of a bankrupt's estate, could sustain an action in the name of the bankrupt, and that the right given by the act to the assignee to sue in his own name, was merely for the benefit of the estate, and to enable him to control the assets and convert them into cash.

In *Mims* v. *Swartz*, 37 Texas, 13, the purchaser of the assignee was allowed to sue in his own name. But it seems that the equitable owner of a *chose in action* may in that state sue in his own name, which is not the rule in this state. But there seems no good reason why the party in whom the right of action originally existed, when he purchases the right of the assignee in the claim, and becomes the absolute owner, should not be invested with all the rights he originally possessed.

The assignee, in most cases, sells the accounts of the bankrupt; and it would be a great inconvenience to the assignee, after he had closed the estate of the bankrupt, to have suits pending in his name in which he had no interest. And if the law be as defendant claims, such suits, after the decease of the assignee, would have to be brought in the name of his *representative*. We think this suit properly brought in the name of this plaintiff.

Judgment reversed, and judgment on the report for the plaintiff.