## J. M. ASHLOCK V. THE STATE.

No. 10550.   Delivered January 26, 1927.

Rehearing denied March 2, 1927.

### 1.—Manslaughter—Requested Charges—Refusal Of—Must Be Excepted To.

Where appellant requests special charges, which are refused by the trial court, this action in refusing same must be excepted to at the time, and the exception preserved by a notation on the charges of such exception, or by separate bills of exception, in order to be reviewed on appeal.

### 2.—Same—Charge of Court—On Manslaughter—No Injury Shown.

Where appellant complains of the language of the court in defining manslaughter, and the record discloses that he was convicted only of manslaughter, and given the minimum punishment for that offense, the objections to the charge presents no error.

ON REHEARING.

### 3.—Same—Evidence—Declaration of Accused—Properly Admitted.

Where, on a trial for murder, the sheriff testified that he was notified of the homicide by telephone, and reached the scene about five minutes after the killing, and within five minutes later reached appellant, who made a statement in regard to the matter, such statement was properly admitted as a part of the res gestae.

Appeal from the District Court of Deaf Smith County.   Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Deaf Smith County for the offense of manslaughter, and his punishment assessed at two years in the penitentiary.

From an examination of the record we find for our consideration three special charges asked for by the appellant and refused by the learned trial judge, but neither by notation on same nor by separate bills of exception was there any exception reserved to the action of the trial court in refusing to give said special charges. With the record in this shape, there is nothing for this court to review.

There is one bill of exceptions in the record. This bill, as qualified by the learned trial judge, presents no error.

There are a number of exceptions and objections to the court's charge, in which appellant complains of the language of the court defining manslaughter, contending that the charge was too restrictive, but inasmuch as the appellant was convicted of manslaughter and given the minimum punishment by the jury, these exceptions and objections to the charge present no error.

We have examined the facts and find the same amply sufficient to support the verdict of the jury. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we should have considered his complaint of the refusal of his special charges Nos. 5, 6 and 7, which were refused by the trial court. Neither by notation on such refused charges, nor by separate bills of exception, was there any showing that the refusal of said charges was not acceptable to the accused. This was stated in our original opinion. Appellant insists that his setting out the refusal of the special charges as part of his motion for new trial was sufficient. We cannot agree to the proposition.

The only bill of exceptions appearing in the record was taken to the court's action in letting a state witness testify to certain things said by appellant shortly after he surrendered to the officers. The qualification placed on the bill by the learned trial judge consists merely of a setting out of the testimony of other witnesses showing that the statements were made within approximately fifteen minutes after the report of the matter reached the officers. The sheriff testified that he received a phone message from someone to come at once to the Ashlock place, same being where the homicide occurred. He said it took him not over five minutes to get to the Ashlock place, and that he spent three or four minutes there and then drove immediately to where appellant was in custody, reaching that place in less than five minutes, and when he first reached appellant the latter made the statement complained of. We think the court's action in setting out the testimony showing that the statements were admissible as a part of the res gestae was correct, and that no error was committed in the admission of testimony as to such statements.

The motion for rehearing will be overruled.

*Overruled.*