## MORRIS O'PRY V. THE STATE.

No. 10974.   Delivered June 3, 1927.

Rehearing denied October 26, 1927.

**1.—Manslaughter—Repeal of Statute—Not Yet Effective.**

On a trial for murder, appellant was convicted of manslaughter and now presents that the repeal of the manslaughter statute precludes his conviction for that offense. We cannot agree with him, as the statute repealing the offense of manslaughter was not in effect at the time of his trial.

ON REHEARING.

**2.—Same—Continued.**

Chapter 8 of the First Called Session, Fortieth Legislature, provides that no offense committed prior to the taking effect of Chapter 274, as originally passed by the Regular Session of the Fortieth Legislature should be affected by the provisions of said article, but that such offender should be proceeded against and punished under the law as it existed prior to the taking effect of said Chapter 274.   .

Appeal from the District Court of Titus County.   Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*I. N. Williams* of Mt. Pleasant, for appellant.

*Sam D. Stinson* State's Attorney and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of manslaughter, punishment two years in the penitentiary.

We find in the record no statement of facts. Appellant was charged with murder, and upon his trial was convicted as above stated. We find no exceptions to the charge of the court which presents error determinable by us in the absence of a statement of facts. There are a number of special charges, some of which were given and some refused because covered by the main charge and those special charges which were given. We perceive no error in the refusal of any of said charges. Appellant contends that this conviction can not stand because the offense of manslaughter has been repealed. The Act of the Fortieth Legislature repealing the offense of manslaughter has not yet become effective.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing, asserting that by the provisions of Chapter 274, Acts Regular Session Fortieth Legislature, the offense of manslaughter, for which he was convicted, was abolished; and further that while the Act had not become effective at the time this case was affirmed on original hearing, it has since gone into effect, and that he is therefore entitled to the benefit of the repeal of said manslaughter statute, and that upon this hearing we should hold that the statute under which he was convicted is no longer effective. Said Act became effective June 15, 1927. We find that by an Act of the Legislature which went into effect June 9, 1927, which Act is Chapter 8, First Called Session, Fortieth Legislature, that said Chapter 274, supra, was amended so that same now specifically provides that no offense committed prior to the taking effect of said Chapter 274, as originally passed by the Regular Session of the Fortieth Legislature, should be affected by the provisions of said Act, but that such offender should be proceeded against and punished under the law as it existed prior to the taking effect of said Chapter 274, and as if said Act had never been enacted. In our opinion this Act which is contained in said Chapter 8, supra, controls the disposition of appellant's motion. His offense and his conviction therefore occurred prior to the Act of the Legislature repealing the manslaughter statute.

Prior to the final disposition of his case on appeal, the Legislature, as above set out, has specifically provided that the repeal of the manslaughter statute shall not affect the disposition of cases against offenders who had offended against or been convicted for violation of said statute prior to its repeal. Believing ourselves bound by the provisions of the Act last mentioned, and that appellant is not entitled to the relief sought, the motion for rehearing will be overruled.

*Overruled.*