## VICTOR ARRIOLA V. THE STATE.

No. 11075.   Delivered December 14, 1927.

**1.—Murder—Charge of Court—Requested Charges—Must Be Excepted To.**

Where, on a trial for murder, appellant complains of the charge of the court, and the refusal of his requested charges, but his exceptions are not ratified by the court as having been timely made, and the refusal of the special charges does not appear to have been excepted to nor to have been timely presented, no error is brought before this court for review.

**2.—Same—Evidence—Introduction of U. S. Statutes—No Error Shown.**

Where appellant was on trial for the murder of a United States Customs officer, there was no error in permitting the introduction of the United States statutes pertaining to the duties of United States customs officers. It amounted to no more than the reading of such statutes in the presence of the jury. Trial and appellate courts take judicial knowledge of the laws of the United States. See Mims v. Swartz, 37 Texas 13, and other cases cited.

**3.—Same—Evidence—Official Capacity of Deceased—Properly Admitted.**

The fact that the deceased was a United States Customs Officer was properly admitted in evidence against appellant to show motive and malice.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of murder, penalty life imprisonment in the state penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, punishment life imprisonment in the penitentiary.

Deceased and his companion, Gemoets, were United States Mounted Customs Inspectors, located at El Paso. Their duties were to patrol the border and to apprehend smugglers. On the night of the tragedy they were patrolling the Rio Grande River in the course of their duty and came upon appellant and two companions in a truck on the public road a short distance from the Rio Grande River, which at that point forms the boundary line between the United States and Mexico. The actions of appellant and his companions attracting the attention of the officers, they were stopped, and the deceased, Parrott, and his companion alighted from their automobile and with a flash light attempted to see what was in the truck driven by appellant. Gemoets was immediately shot through the shoulder. Appellant fled, Parrott after him. In a short time Parrott returned, reporting that appellant had gotten away and that he, Parrott, was shot through the stomach. The circumstances clearly indicate that appellant did the shooting. He was in a short time apprehended at the house of another Mexican, hiding under some quilts, and had been recently wounded. Both officers did some shooting, and all the participants on both sides were either killed or wounded.

The court charged only upon murder. Several special charges were asked and refused and two exceptions appear to have been lodged to the court's charge. The exceptions are not verified by the court as having been timely made. The refusal of the special charge does not appear to have been excepted to nor does it affirmatively appear that they were timely presented. Under such circumstances no question is presented for review, as has been decided almost weekly for the past decade on this question.

Only one bill of exceptions appears in the record. This presents an alleged error to the action of the court in permitting the state to introduce in evidence a portion of the United States statute pertaining particularly to the duties of United States Customs Officers. In our opinion the matter presents no error. It amounted to no more than the reading of the United States Statute pertaining particularly to the duties of United States Customs Officers. In our opinion the matter presents no error. It amounted to no more than the reading of the United States Statute in the presence of the jury. Trial and appellate courts take judicial knowledge of the laws of the United States. Mims v. Swartz, 37 Texas 13; Lasher v. State, 30 Tex. Crim. Rep. 387; 16 Cyc. 889; Underhill Crim. Evidence, paragraph 58.

The fact of deceased being a United States Customs Officer was provable against appellant, if known to him, to show motive and malice. The evidence is sufficient to show that appellant knew that deceased was such officer.

The evidence is amply sufficient. It shows a murder perpetrated by appellant, evidently to prevent his apprehension for the unlawful possession and transportation of intoxicating liquor. It was shown that there was such in possession of and being transported by appellant at the time of the killing.

There being no error which necessitates a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.