JIM TINDALE v. THE STATE.

No. 15248. Delivered June 8, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 66.

The opinion states the case.

*W. B. Thomas,* of Groveton, and *G. C. Lowe,* of Woodville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, theft of a hog; the punishment, two years in the penitentiary.

The testimony in brief was as follows: The testimony of the state showed that Jim Bendy, the alleged owner of the hog stolen, had some hogs ranging in and around his place, among which was a small, white hog. The appellant lived some two miles away, and Bendy testified that for some time he had been missing some of his hogs and had been unable to find them. A witness by the name of Sweetser testified that on the day of the alleged offense he was out hunting, and he saw the appellant about a mile from Bendy's place in a clearing in possession of a small, white hog weighing about 65 or 70 pounds. Appellant was carrying said hog in his arms, and he saw the appellant put the hog down and go away in another direction. He, the witness, then went up close to the hog, and identified it

as being a hog belonging to Bendy because he was acquainted with Bendy's mark, that is, the ear marks, and it was Bendy's hog and had been recently killed. He reported the matter to Bendy, who reported it to the sheriff's department. The evidence further showed that the appellant and two of his brothers resided together. The sheriff got a search warrant to search their premises, and, with the consent of one of the brothers, who was present at the time, he searched the premises, and he found where hogs had been recently slaughtered, and found some white hair and also some red and black hair at that place.

The appellant did not deny killing some hogs at the place alleged, but claimed that the five hogs so killed belonged to either him or his two brothers, and denied that it was Bendy's hog he killed that the witness Sweetser saw in his possession. Appellant's brothers testified to the same effect.

There was no exception to the court's main charge, but several special requested charges appear in the record. There is no bill of exception in the record complaining of the refusal of the trial court to give any of said special instructions. While the special requested charges show that they were refused by the court, the record does not show that any exception was taken to the action of the court in refusing to give same. It has been repeatedly held that the appellate court will not ordinarily review the refusal of the special charges when no exceptions are reserved to such refusal. Cadena v. State, 109 Texas Crim. Rep., 589, 6 S. W. (2d) 768; Arriola v. State, 108 Texas Crim. Rep., 270, 1 S. W. (2d) 287. See, also, Cunningham v. State, 97 Texas Crim. Rep., 624, 262 S. W., 491; Ashlock v. State, 106 Texas Crim. Rep., 167, 291 S. W., 249.

Only one bill of exception appears in the record. This bill complains of the evidence claimed to have been introduced showing a conversation that Jess Tindale, one of appellant's brothers, had with the witness R. J. Shepherd to the effect that the said Jess Tindale had shown him some ears and some meat and told him what marks the five hogs were in. It is recited in the bill as the ground of objection that the said witness was under arrest at the time said witness made said statement, and that he was now under indictment charged with the same offense as that for which the defendant was then on trial. None of the surrounding facts or circumstances under which said statements were made are set out in said bill.

When the ruling of the trial court upon the receipt or exclusion of evidence is attacked, the correctness of the ruling will be presumed, in the absence of a showing in the bill of

exception to the contrary, and the presumption in favor of the ruling will not be overcome by a mere recital in the bill of the grounds assigned for opposing the ruling. See Moore v. State, 7 Texas App., 14.; Douglas. v. State, 58 Texas Crim. Rep., 122, 124 S. W., 933, 137 Am. St. Rep., 930; Morgan v. State, 82 Texas Crim. Rep., 615, 201 S. W., 654; Cavanar v. State, 99 Texas Crim. Rep., 446, 269 S. W., 1053. However, should we assume that the bill of exception is sufficient to require a review of the action of the court in admitting the testimony in question, we note that the appellant offered his brother, Jess Tindale, as a witness and elicited from him the fact that he had a conversation with the witness Shepherd, and proved by him without objectiion substantially the same facts as testified to by the witness Shepherd complained of. Ordinarily, the receipt of improper testimony will not bring about a reversal, when the same evidence from another source is before the jury without objection. Rogers v. State, 26 Texas App., 404, 9 S. W., 762; Snow v. State, 91 Texas Crim. Rep., 1, 237 S. W., 563, 20 A. L. R., 1180; Nichols v. State, 91 Texas. Crim. Rep., 277, 238 S. W., 232.

In his amended motion for new trial, one of the grounds set up for new trial is that of newly discovered evidence, and attached to said motion for new trial is the affidavit of one S. J. Turpin. No evidence on the question of newly discovered evidence is brought before this court either by bill of exception or statement of facts. The order of the court overruling the motion for new trial recites that evidence was heard. It will not be presumed on appeal that the affidavits attached to the motion were not considered, or that they were alone considered. Where the record indicates that the court heard evidence upon the issues, this court must presume that the court's action in overruling the motion was correct, and that the trial court acted on evidence that was sufficient to justify his action. Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 863; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Hughey v. State, 98 Texas Crim. Rep., 413, 265 S. W., 1047. Applying this rule to the instant case, we must presume that the court's action in overruling the motion for new trial on account of newly discovered evidence was correct.

Another ground of the motion for new trial is that the prosecuting attorney in his closing argument made statements inflammatory in their nature and which were without basis in the evidence. There is nothing in the record that shows that the appellant excepted to said remarks of the district attorney

complained of or that any special instruction was requested asking that said remarks be disregarded by the jury, nor is this matter brought before this court by any bill of exception, and for that reason cannot be considered by the court.

Finding no reversible error as presented by the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that because he complained of the refusal of the court to give his requested charges 1 and 5 in his motion for new trial, that this should be held by us tantamount to an exception taken at the proper time to the refusal to give such special charges. The law seems well settled against appellant on this proposition. We think the complaint at our upholding the action of the court in admitting the evidence made the subject of bill of exception No. 1, was properly disposed of in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*