PEDRO RAMON V. THE STATE.

No. 16972.   Delivered October 31, 1934.
Reported in 75 S. W. (2d) 693.

The opinion states the case.

*T. A. Bledsoe* and *James Gray Bledsoe,* both of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, two years in the penitentiary.

The facts in this case seem amply sufficient to support the conviction.

Appellant has two bills of exception complaining of testimony given before the trial jury of statements made to him

by the district attorney while appellant was a witness before the grand jury. The perjury laid is based on false statements made before the grand jury.

In his able brief appellant argues at length the impropriety of said testimony, and a discussion of the question might be of interest,—but our attention is attracted by the fact that when appellant took the witness stand in his own behalf, he affirmed without objection substantially the same facts as those which form the subject of his two said bills. He was objecting to testimony that while before the grand jury he was informed by the district attorney that in a dying statement Mr. Vaughn stated to the district attorney that appellant was present at the difficulty in which Vaughn was fatally wounded. Appellant while a witness, and without objection, answered a question put to him by Mr. Black, the district attorney, as follows: "You told me that you were out there and just a few minutes or so before he died that the last word he said was that I was there and saw it all. You told me that. That's what you told me. It is true that that is what you told me about it." There seems no better settled rule in this State than that complaints of the erroneous reception of testimony become of no avail when the same, or substantially the same, testimony is before the jury without objection. Tindale v. State, 122 Texas Crim. Rep., 34; Dickens v. State, 121 Texas Crim. Rep., 298; Spicer v. State, 119 Texas Crim. Rep., 87, and authorities cited. This rule has obtained in this State since our earliest decisions. We do not think the trial court erred in overruling appellant's motion for new trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*