# W. E. Lucas v. The State.

No. 17517.   Delivered June 26, 1935.
Rehearing Denied October 16, 1935.

The opinion states the case.

*M. M. Wade,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

There are four bills of exception in the record. When this case was called for trial appellant filed an affidavit for severance setting up that W. H. Barnett was indicted for complicity in this same offense, and that appellant believed that if Barnett be first tried he would be acquitted, and would then testify for appellant, and that his testimony would be material to the defense. The first bill of exceptions states as follows: "That at the time the witness W. H. Barnett was offered as a witness for the State of Texas, it was shown to the court that the objection duly made to said witness' testimony by defendant for the reason that said witness had been tried and convicted of a felony for three times, namely, Federal Court of Wichita County, Texas, car theft, 1920, the State Court of New Mexico in Quay County, 2 years for stealing cotton in 1927, and was not a proper and duly qualified witness to testify in said cause." We have tried to analyze this bill as best we can, and if we understand same it certifies that appellant showed to the court that he objected to the testimony of Barnett for three reasons named, that is that Barnett had been tried and convicted for felony three times, to-wit: in Federal Court of Wichita County, Texas, of car theft in 1920, and in two other cases, dates not stated. We think the bill not sufficient in form. If a bill of exceptions be in such form as to be susceptible of two constructions, this court must view same from that viewpoint which would support the correctness of the ruling of the trial court in regard to said bill. Not only is this a settled rule, but it is also true that the burden is upon him who makes an objection and attempts to bring same here by bill of exceptions, to so present same that this court upon appeal, and upon inspection of said bill, may be able to see therefrom that an error was committed.

Objections such as appear in the above quoted bill would have to be supported by facts, that is by some showing that those things stated as objections were in fact true. As stated in Texas Jur., Vol. 4, Sec. 256: "A bill complaining that a witness was disqualified because he was convicted of a felony, and that his rights of citizenship had not been restored, must set out facts showing that the objection was well taken. A contention that a witness was incompetent will not be considered where no evidence as to incompetency accompanies the record." Baxter v. State, 81 Texas Crim Rep., 234; Roach v. State, 102 Texas Crim. Rep., 176; Ramos v. State, 71 Texas Crim. Rep., 484. The bill under consideration in the Baxter

case, supra, was much like the one here, and Judge Morrow for this court, after commenting on the fact that the bill did not state the testimony of the witness objected to so as that its materiality might appear,—also says that the general rule is that the party wishing to prevent testimony of one convicted as a felon, must prove his disqualification by the record so showing,—and that in the absence of a recital in the bill to the contrary, this court is bound to assume that the record was not introduced. So also in the Roach case, supra, wherein the same objection was made, we said: "The bill on its face utterly fails to recite any fact, or to make any reference to any fact contained in the record, which would enable this court to determine that error was committed in the matter complained of."

Noting further defects in said bill of exceptions No. 1, no date is therein stated when the witness had been convicted in Quay County, New Mexico, and the date stated as of the conviction for theft of cotton in Wichita County, Texas, being stated as 1927, would not be a bar to the witness testifying under authority of Underwood v. State, 111 Texas Crim. Rep., 124. As to the stated objection based on incompetence of the witness because convicted of car theft in the "Federal Court of Wichita County, Texas, in 1920," this court judicially knows,—as did the trial court,—that there is no such court as the Federal Court of Wichita County, Texas, and no such felony cognizable in Federal practice as car theft. In our opinion this bill manifests no error.

Bill of exceptions No. 2 purports to bring forward certain testimony of officer Dowdy as admitted over objection, but examination of the bill fails to reveal any such statements set out in the bill as the testimony of Mr. Dowdy. The only statement of said witness appearing in the bill is certified to by the court below as having been made out of the hearing of the jury.

Bill No. 3 complains of the refusal of a request for an instructed verdict of not guilty when the State rested. We have examined the testimony and are of opinion that same was sufficient to justify the refusal of such requested charge and to support a verdict of guilty.

Appellant was at the place of Mr. Reed, together with witness Barnett. They saw sacks of wool in Reed's barn, asked about them, how much they weighed, what wool was worth, etc. The barn was burglarized some ten days after this conversation and two sacks of the wool taken. The barn

was burglarized on Friday night, and Mr. Reed discovered his loss on Sunday, and went to Wichita Falls and found his two sacks of wool at the People's Produce Company. Officer Dowdy testified that on Saturday morning, July 7, 1934, he arrested appellant and Barnett in Wichita Falls in possession of two sacks of wool. He first saw them parked at the People's Produce Company, where they had a model T Ford with a trailer attached in which were two sacks of wool. After they had sold the wool Mr. Dowdy engaged them in conversation, and they told him that the wool came off the sheep of appellant Lucas, who said he was a farmer and lived north of Iowa Park. Mr. Dowdy testified that these two sacks of wool were the same as those claimed by Mr. Reed.

Appellant did not testify but introduced witnesses who testified that in the barn of Mr. Reed from which the wool was taken, there was an opening somewhat similar to a door at the time of the alleged burglary. In rebuttal the State introduced other witnesses who said the opening in Mr. Reed's barn was not large enough to permit a sack of wool to be taken out at same. The State also called Barnett who testified that on the Friday night named in the indictment he and appellant went to the barn of Mr. Reed and stole therefrom the two sacks of wool which they sold in Wichita Falls, as detailed by officer Dowdy. He said they took the wool in a trailer behind a model T Ford car.

Believing the record to exhibit no error and that the evidence is sufficient, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant contends that his Bill of Exception No. 1, as set out in the original opinion, was incorrectly copied in the transcript. He attaches to the motion for rehearing a certified copy of the bill of exception, which reads as follows: "That at the time the witness, W. H. Barnett, was offered as a witness for the State of Texas, it was shown to the court and the objection duly made to said witness' testimony by defendant for the reason that said witness had been tried and convicted of a felony for three times, namely, Federal Court of Wichita County, Texas, car theft, 1920, the State Court of New Mexico in Quay County, a car theft and in the State Court of Wichita County, Texas, 2 years for steal-

ing cotton in 1927, and was not a proper and duly qualified witness to testify in said cause."

The certified copy of the bill of exception, after the words "Quay County," contains the following: "a car theft and in the State Court of Wichita County, Texas." This statement does not appear in the bill of exception copied in the transcript. However, this does not affect the disposition made of the case originally as there is nothing in the bill to show that the convictions in New Mexico or in the State Court of Wichita County, Texas, were anterior to the effective date of Art. 708, C. C. P., as amended by Chap. 27, Acts of 39th Legislature, and as found in the Codification of 1925, and as amended by Chap. 13, Acts of the 39th Legislature, 1926, First Called Session. To disqualify a convict from now testifying, it must affirmatively appear that he was finally convicted of a felony prior to the effective date of the above statutes. See Spann v. State, 116 Texas Crim. Rep., 268; Stanley v. State, 120 Texas Crim. Rep., 450; Fitzgerald v. State, 38 S. W. (2d) 329; Dade v. State, 76 S. W. (2d) 778.

We adhere to what we said in the original opinion to the effect that this court judicially knows that there is no such court as the "Federal Court of Wichita County, Texas," and consequently the bill of exception in question does not reflect that the witness had been convicted of a felony by a court of competent jurisdiction.

Believing the case to have been properly disposed of upon the original hearing, the motion for rehearing is overruled.

*Overruled.*