WILLIAM H. HERRICK *v.* CHARLES LARSON AND TRUSTEE.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Stafford, Abatiell & Stafford* for the trustee.

*Vernon J. Loveland* and *Hanford G. Davis* for the plaintiff.

SHERBURNE, J. In this action of contract judgment by default was entered against the defendant and the trustee upon motion of the plaintiff, and the trustee has excepted to the judgment against it.

The trustee is a foreign corporation doing business in this State. The only answer or disclosure filed by the trustee was a written statement mailed to the court, which was headed by the name of the case and commenced as follows: "Now comes the trustee in the above entitled cause by its attorney, William H. Michaels, Jr., and disclosure makes that at the time of the service of the writ in said cause, nor has it since had in its hands or possession, any goods, chattels or estate of the defendant, except as follows: * * *." This statement then set out an order upon

the trustee, given by the defendant prior to the service of the writ, assigning the funds in the trustee's hands to a third person, and that since the service of the writ upon it the trustee had paid a sum upon such order from funds which had accrued to the defendant before such service of the writ. This statement was signed with the name of the trustee followed by the words "William H. Michaels, Jr., Its Attorney." The statement was not sworn to, nor did the trustee submit itself to examination upon oath. The said Michaels is not an attorney licensed to practice in nor is he a resident of this State. Except for this statement no attention was paid to the proceedings by the trustee until long after the return day of the writ and until several days after the plaintiff had filed a motion for judgment by default, when the trustee's present attorneys entered their appearance for it.

Attention is called to the applicable provisions of the Public Laws as follows:

Sec. 1771. When a person summoned as trustee does not appear and answer, he shall be defaulted, and adjudged a trustee; * * *.

Sec. 1773. When a supposed trustee appears in person or by attorney, and declares in writing that he had not at the time of the service of the writ, nor has since had, in his hands or possession, any goods, effects or credits of the defendant, and submits himself thereupon to examination upon oath, and if the plaintiff declines to examine him, or upon examination and further proceedings his declarations appear to be true, he shall be discharged.

Sec. 1774. Such declaration may be signed by attorney; * * *.

Sec. 1775. When a person so summoned admits that he has in his hands or possession goods, effects or credits of the defendant, or wishes to refer that question to the court upon the facts, he may, instead of the declaration before mentioned, make a declaration setting forth such facts as he deems material, and submit himself thereupon to a further examination on oath; and such declaration,

with the further examination, if any, shall be sworn to as hereinbefore provided.

Sec. 1779. Corporations may appear by their cashier, treasurer, clerk, or such officer as they appoint, or as the court requires, and the answer, disclosure and examination on oath of such officers shall be received as the answer, disclosure and examination of the corporation.

To answer under sec. 1771, the trustee must make disclosure according to the other quoted sections. Although under sec. 1773 a disclosure denying the possession of any goods, effects or credits need not be sworn to, when the disclosure, as here, admits such possession it must be sworn to as provided in sec. 1775. Not being an attorney licensed to practice in this State, Michaels is not such an attorney as is referred to in these sections, nor is he, so far as the statement discloses, such an officer of the trustee corporation as is contemplated by sec. 1779. The kind of an officer required so to act is illustrated by *Udall* v. *School District*, 48 Vt. 588, where the clerk of the school district made the disclosure for the district, the prudential committee being present and assisting.

Because of the failure of the trustee to comply with the provisions of the statutes judgment was properly entered.

*Judgment affirmed.*