W. Dial BLACK, Jr., Appellant,

v.

KIDDER, PEABODY & CO.,
INC., Appellee.

No. 16928.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 3, 1977.

John H. Marshall, Houston, for appellant.

Carrington, Coleman, Sloman, Johnson &
Blumenthal, Corbet F. Bryant, Jr., Dallas,
for appellee.

EVANS, Justice.

This is an action for usury.

W. Dial Black, Jr. sued Kidder, Peabody
& Co., Inc., a stock brokerage firm, alleging
that without his knowledge or consent, Kid-
der had purchased his margin account from
the brokerage firm of Clark, Dodge & Co.,
and had charged usurious interest against
his account in the amount of $7,715.94. Af-
ter a nonjury trial, the trial court entered a
take-nothing judgment from which Black
appeals.

In August 1971 Black opened a margin
account with Clark, Dodge & Co. after his
stockbroker, Richard Bradley, joined that
firm's Houston office. Thereafter Black's
stock transactions were handled through
Bradley, either in person or on the tele-
phone, and Black was mailed monthly con-
firmations and credit statements. At the
time Black opened his account with Clark,

Dodge, he executed a Customer's Agreement which provided that its terms and enforcement would be governed by the laws of the State of New York. The agreement further provided that it would remain in effect until terminated in writing or until Black's account was closed, and that the agreement would inure to the benefit of and be binding upon any successor or assignee of Clark, Dodge.

In May 1974 Kidder acquired the customer accounts of Clark, Dodge and it thereafter handled Black's margin account until Black's stockbroker, Bradley, moved to another company in January 1975. Prior to the time that Black's account was closed, he was mailed monthly statements by Kidder which showed the interest being charged against the debit balance of his account. The trial court filed extensive findings of fact and on the basis of its findings concluded as a matter of law that the interest charges on Black's margin account made by Clark, Dodge and Kidder were legal and not usurious under New York law.

Black first contends that the trial court erred in its conclusion that the interest charges were legal and not usurious under New York law, arguing that no evidence was introduced at the trial as to the content and nature of the laws of New York and, alternatively, that Kidder had failed to file a timely, proper motion with the court to take judicial notice of Rule 184a Texas Rules of Civil Procedure.

■ Kidder's pleadings clearly set forth its contention that the interest transactions in question are governed by the laws of the State of New York, and that the interest charged was, therefore, not usurious. Although Black does not contend that he was unaware of Kidder's position in this respect, or that the law of New York is other than as contended by Kidder in its pleading, he complains that his position was prejudiced by Kidder's failure to make a formal motion requesting the court to take judicial notice prior to the time that both parties rested their case.

This point does not present reversible error. *Gould v. Awapara*, 365 S.W.2d 671, 674 (Tex.Civ.App.—Houston 1936, no writ). The conclusions of law filed by the trial court show that it judicially noted the laws of New York and that it was sufficiently satisfied as to the meaning and application of such laws. The record does not establish that this was an abuse of the trial court's discretion or that Black was denied an opportunity to properly respond to the foreign law. *Cutler v. Cutler*, 543 S.W.2d 1, 4 (Tex. Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Wickware v. Session*, 538 S.W.2d 466, 470 (Tex.Civ.App.—Tyler 1976, no writ). Although the trial court did not enter an express order granting Kidder's motion that it take judicial notice of the laws of New York, its determination in this respect is presumed from its judgment and conclusions of law. *Schwartz v. Vecchiotti*, 529 S.W.2d 603, 606 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Black's first point of error is denied.

■ Black next contends that the trial court erred in holding that the laws of New York governed the interest charges made by Kidder. Black reasons that the paragraph in the Customer's Agreement, which stipulates that the laws of New York will govern the agreement, does not apply to the matter of interest because a subsequent paragraph expressly provides that interest charges will be the subject of a separate credit statement.

Paragraph 17 of the Customer's Agreement provides as follows:

"17. This agreement and its enforcement shall be governed by the laws of the State of New York."

Paragraph 19 of the Customer's Agreement provides as follows:

"19. Debit balances of the accounts of the undersigned shall be charged with interest in accordance with the terms presented in the 'credit statement' which has been received and accepted by me."

It is Black's contention that the credit statement referred to in paragraph 19 constituted a separate and independent agreement between the parties, and, therefore,

should be accorded controlling effect with respect to all matters relating to the charging of interest, including the rate of interest which legally could be charged.

The form of credit statements issued by Clark, Dodge and by Kidder is a printed information letter notifying the customer of the interest rates to be charged against the debit balances of the margin account and indicating the manner in which such interest charges are to be calculated. It is apparent from the face of the statement that it is not intended to be signed by either the brokerage firm or the customer and that its purpose is to assist the customer in determining how interest is to be charged against the margin account.

The Customer's Agreement is the only executed contract in evidence between the brokerage firms and their customers. Paragraph 17 of that agreement provides that the agreement and its enforcement shall be governed by New York law. This provision is not limited in scope or application. It constitutes an unambiguous stipulation of the parties that the stock transactions which are made pursuant to the agreement shall be governed by the laws of New York. *Harris County v. Howard*, 494 S.W.2d 250 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968).

Black also complains that Kidder charged interest against his account on a basis different from the method used by Clark, Dodge, but he fails to demonstrate that this difference caused the interest charges to be usurious under the laws of the State of New York. Black's action against Kidder is solely for the recovery of damages based upon his allegations that the interest charges in question were usurious. The evidence supports the trial court's conclusion that Kidder was entitled to charge interest in accordance with rates which were legal under New York law and that the interest charges made by Kidder against Black's margin account were legal and not usurious.

Black further contends that the evidence is legally and factually insufficient to support the trial court's finding that Clark, Dodge effectively assigned his margin account to Kidder, arguing that the evidence shows that his account with Clark, Dodge was closed in July 1974, and that his Customer's Agreement with Clark, Dodge, therefore, was terminated at that time.

The Customer's agreement authorized Clark, Dodge to assign its customer's account and provided for the continuation of the successor firm's rights and obligations under the agreement. The evidence shows that Kidder acquired all customer's accounts of Clark, Dodge, and the mere fact that Black's margin account was then given a new account number does not compel the conclusion that his original account was closed at that time. The trial court's findings that Black's margin account had not terminated upon the assignment from Clark, Dodge to Kidder, and that Black was bound to Kidder under the same contractual agreement that he had with Clark, Dodge are properly based upon sufficient evidence.

In view of the disposition made with respect to the points of error discussed above, it becomes unnecessary to discuss Black's points of error pertaining to Kidder's defense of estoppel and to the question of whether Black had notice of Kidder's acquisition of his margin account. All remaining points have either been foreclosed by the disposition of the points discussed or have by reason of such disposition no further bearing on the determination of the appeal.

The judgment of the trial court is affirmed.