**Lee Clell PLASTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56177.**

Court of Criminal Appeals of Texas,
Panel No. 1.

June 7, 1978.

Rehearing en banc Denied July 19, 1978.

Donald W. Rogers, Jr. and Robert R. Scott, Houston, for appellant.

Carol S. Vance, Dist. Atty., Susan W. Crump and Jack D. Bodiford, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. V.T.C.A., Penal Code, Section 29.03. Punishment was assessed by the jury at 60 years' imprisonment. In a per curiam opinion delivered October 12, 1977, this Court abated this appeal in order for appellant's court-appointed attorney to file an appellate brief. Court-appointed counsel filed an appellate brief with the trial court on December 29, 1977, and the appeal is now properly before us for consideration. The appeal is reinstated.

The evidence adduced at trial revealed that on April 9, 1976, the appellant entered the San Jacinto Savings and Loan and robbed the manager, Kenneth Dudley, of $1700.00 in U.S. currency. The sufficiency of the evidence is not challenged.

In his sole ground of error, appellant complains of the admission of a prior conviction at the punishment stage of the trial. The State sought to introduce into evidence purported copies of official records concerning a prior conviction for interstate transportation of a stolen vehicle out of the United States District Court for the Eastern District of South Carolina. The appellant objected to the introduction of this evidence on the grounds the documents were not properly certified, which objection was overruled. After proper fingerprint identification, the records were introduced into evidence. The document reflects the following certification:

"By virtue of the authority vested in me by the Administrator of General Services, I certify in his behalf, under the seal of the United States General Services Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody."

This certification was signed by Royce B. Carver, the Reference Service Branch Chief of the Federal Archives and Records Center in Forth Worth. The appellant contends that this certificate does not state that the legal custody of records of federal courts is vested in the General Services Administration nor that Royce B. Carver has the legal custody of such documents.

Article 3731a(4), V.A.C.S., sets forth the requirements of authentication of official written records and provides, in pertinent part:

"Such writings or electronic records may be evidenced by an official publication thereof or by a copy or electronic duplication attested by the officer having the legal custody of the record, or by his deputy. Except in the case of a copy of an official writing or official electronic recording from a public office of this State or a subdivision thereof, the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing. . . . All such attested and certified instruments and the contents of the certificate

and the title of the person making same, shall be evidence of the matters, statements, representations and title contained therein."

In support of his contention, appellant cites and relies upon *Garner v. State*, Tex.Cr. App., 552 S.W.2d 809. In *Garner*, the State introduced into evidence one prior Oklahoma conviction and a prior Texas conviction, both alleged for enhancement purposes. We reversed the case because there was no showing the Oklahoma offense occurred after the finality of the Texas conviction alleged for enhancement. The State did introduce a copy of the information from the Oklahoma conviction; however, it could not be considered by this Court. The information was certified as a true, correct, and complete copy by the court clerk, but there was no certification the court clerk had the legal custody of the writing. On rehearing, Judge Odom emphasized that the wording of Article 3731a(4) is mandatory. See also *Speights v. State*, Tex.Cr.App., 499 S.W.2d 119.

At the outset, we note that the certification in the instant case goes further than the certification condemned in *Garner*. In the instant case, it was certified on behalf of the administrator of General Services that the records were "a true and correct copy of documents *in his custody*." While this wording in the certification attests that the Administrator has custody of the documents, it does not indicate the attesting official has "legal" custody of the documents. In this regard, it becomes important that the official attesting to the authenticity of the documents is a federal official as opposed to an official of another state.[1]

■ This Court can take judicial notice of the laws of the United States, *Lucas v. State*, 129 Tex.Cr.R. 213, 86 S.W.2d 638; *Arriola v. State*, 108 Tex.Cr.R. 270, 1 S.W.2d 287; *Sims v. State*, 64 Tex.Cr.R. 435, 142 S.W. 572; *Bink v. State*, 48 Tex. Cr.R. 598, 89 S.W. 1075; but, we cannot take judicial notice of the laws of another

state. See *Wickware v. Session*, 538 S.W.2d 466 (Tex.Civ.App.—Tyler, 1976, no writ); *Durr v. Newman*, 537 S.W.2d 323 (Tex.Civ. App.—El Paso, 1976, ref'd n. r. e.); *Black v. Kidder, Peabody & Company, Inc.*, 559 S.W.2d 669 (Tex.Civ.App.—Houston, 1977, no writ). Consequently, we judicially know that the Administrator of General Services can obtain such documents, 44 U.S.C.A. § 3103, and that such records are in his legal care, custody, and control. 44 U.S. C.A. § 2104. Further, the Administrator is empowered to establish Federal Archives and Record Centers, 44 U.S.C.A. § 2106, and has established such a center in Fort Worth. 41 CFR 105–61.5101–7(g). The head of such center may authenticate documents on the Administrator's behalf, 41 CFR 105–60.-603, under the seal of the National Archives. 44 U.S.C.A. § 2112.

■ Therefore, we hold that the certificate provided in the instant case on behalf of the Administrator of General Services sufficiently demonstrated that the documents were in the attesting officer's legal custody and satisfied the requirements of Article 3731a(4). Appellant's contention is overruled.

The judgment is affirmed.

---

1. In civil cases the rule is different if the provisions of Rule 184a of the Texas Rules of Civil Procedure are followed.