**Robert TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00229–CR.**

Court of Appeals of Texas,
El Paso.

July 21, 1982.

Discretionary Review Refused
Nov. 3, 1982.

Marvin O. Teague, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, III, Houston, Larry Knapp, Larry P. Urquhart, Asst. Dist. Attys., for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for aggravated robbery. The jury found "true" as to the habitualization portion of the indictment, and Appellant was sentenced to life imprisonment. We affirm.

■ In Ground of Error No. One, Appellant contends that the State's first enhancement allegation alleges a prior federal conviction for interstate transportation of an altered security in violation of 18 U.S.C.A. sec. 2314 (1970), which cannot be used as a basis for State enhancement or habitualization. To be utilized for such purposes, the federal felony offense must also be denounced by the laws of this state as a felony. *Montgomery v. State*, 571 S.W.2d 18, 19 (Tex.Cr.App.1978).

■ As indicated in that opinion, it is not the title of the federal offense which governs applicability. The determination is based upon the conduct underlying the federal conviction and whether that conduct is also proscribed in Texas.

■ Appellant's prior federal conviction was properly used in this case. Tex.Penal Code Ann., sec. 32.21(a) and (e) (Vernon 1976); Texas Securities Act, Tex.Rev.Civ. Stat.Ann., art. 581–29(C) (Vernon Supp. 1982). Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant challenges the sufficiency of the certification of the judgment in Appellant's prior federal conviction. The certification was by Royce B. Carver, Chief, Reference Service Branch, Federal Archives and Records Center, Fort Worth, Texas.

The same type of certification, by the same Royce B. Carver, was approved by the Court of Criminal Appeals in *Plaster v. State*, 567 S.W.2d 500, 501–502 (Tex.Cr.App. 1978). Ground of Error No. Two is overruled.

In Ground of Error No. Three, Appellant contends that the trial court permitted the jury to separate after the delivery of the charge and final arguments at punishment but before returning a verdict, without the consent of the Appellant, in violation of Article 35.23 of the Code of Criminal Procedure.

The trial court expressly authorized the jury to separate to retrieve their automobiles before beginning deliberation. He admonished the jurors not to talk about the case with anyone, including each other, until all twelve had reassembled in the jury room. No objection was made by the Appellant. Nor did he raise this issue in his motion for new trial.

■ It is the defendant's burden to insure that the record shows he did not consent to a separation of the jurors. *McDonald v. State*, 597 S.W.2d 365, 367 (Tex. Cr.App.), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 467 (1980). A silent record, such as that before us now, presents a presumption of compliance with procedural rules. *Green v. State*, 510 S.W.2d 919, 921–922 (Tex.Cr.App.1974).

■ Where the defendant has established in the record that a separation occurred without his consent, the mandatory language of Article 35.23 raises a presumption of harm which the State must then seek to rebut. If the issue is not raised at trial or on a motion for new trial, the State is denied the opportunity to rebut the presumption of harm. Consequently, an issue of improper jury separation must be raised during trial or on a motion for new trial in order to preserve error for appellate review. *Green*, 510 S.W.2d at 922; *McDonald*, 597 S.W.2d at 367; *McIlveen v. State*, 559 S.W.2d 815, 818–819, n. 1 (Tex.Cr.App.1977). Ground of Error No. Three is overruled.

The judgment is affirmed.