**Clifford Cecil NORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45278.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Jan. 10, 1973.

William H. Shields, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit theft; the punishment,

enhanced under the provisions of Article 63, Vernon's Ann.P.C., by proof of two prior convictions for non-capital felony offenses, life.

The appellant does not challenge the sufficiency of the evidence to prove the primary offense. He does, however, urge in his sole ground of error that no admissible evidence was introduced to support the finding that the appellant had previously been convicted of the two alleged felony offenses.

The State introduced a properly certified copy of an indictment, showing that the appellant had been indicted for the offense of theft of property of the value of over $50.00 in Coryell County and the judgment and sentence, properly certified and exemplified, bearing the same cause number, were also introduced. Attached to the judgment and sentence were photographs and fingerprints. In this case the sentence had been pronounced against the appellant on January 11, 1960.

The State also introduced properly certified and exemplified copies of an information, judgment and sentence, along with photographs and fingerprints showing that the appellant had been charged by information and convicted in Grady County, Oklahoma, for the offense of second degree burglary. The information, alleging the offense to have been committed on or about the 9th day of January, 1965, was filed on February 18, 1965.

Also admitted into evidence, as provided for by Article 3718, Vernon's Ann.Civ.St., were the printed statute books of the State of Oklahoma, purporting to have been printed under authority in that state and the court further observed that it took judicial knowledge of these statutes under the provisions of Rule 184a of the Rules of Civil Procedure of this state. Section 1435 of Title 21 of the Oklahoma Statutes de-

fines burglary in the second degree. Sections 2 and 301 of Title 22 provide that felony offenses may be prosecuted in the State of Oklahoma upon information; Section 152 of Title 22 provides that the statute of limitations for the prosecution of burglary in the State of Oklahoma is three years.

A fingerprint identification expert was qualified and testified that he had taken the fingerprints of the appellant and had compared them with those received with the judgment and sentence from the Texas Department of Corrections and from the Oklahoma penitentiary and found that they were identical.

The appellant specifically argues that the judgment and sentence in both prior convictions do not reflect that the appellant was convicted of a felony.

The judgment and sentence for the conviction in Coryell County, Texas, assessed punishment of two years imprisonment in the State penitentiary. The judgment and sentence for the appellant's prior conviction in Grady County, Oklahoma, show that he was sentenced to serve a term of three years and six months in the State penitentiary at McAllister, Oklahoma, for the offense of second degree burglary. Article 47, V.A.P.C., provides that any offense which may be punishable by confinement in the penitentiary is a felony. The evidence is sufficient to show that the appellant was convicted for a felony offense of theft in Coryell County and for the felony offense of second degree burglary in the State of Oklahoma.

The requirement of proof that the felony offense committed in Oklahoma was committed subsequent to the prior alleged conviction in Coryell County was met.[1] A greater period of time than that provided by the Oklahoma statute of limitations elapsed between the appellant's conviction

---

1. See, e. g., Rogers v. State, 168 Tex.Cr. R. 306, 325 S.W.2d 697 (1959); Rounsavall v. State, 480 S.W.2d 696 (Tex.Cr. App.1972); Hutchinson v. State, 481 S. W.2d 881 (Tex.Cr.App.1972).

in Coryell County and the filing of the information for second degree burglary in Grady County, Oklahoma.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.