Billy Ray MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47939.

Court of Criminal Appeals of Texas.

April 3, 1974.

James Sparks, Jr., Beaumont (On appeal only), for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. Punishment, enhanced under the mandatory provisions of Article 63, Vernon's Ann.P.C., was assessed by the jury at life.

At the outset appellant contends that the evidence is insufficient to support the conviction in that there is no showing that there was a breaking by force, threats and fraud.

■ The record reflects that officers were dispatched to the Golden Steer Food Store in Port Arthur shortly after 10:00 p. m. on September 5, 1971, as the result of the burglar alarm at said store having been activated. The officers "checked the building all around" and, having found same to be "secure," were about to leave when someone was observed "crawling down the aisle of the store." Other officers were summoned. Shortly thereafter someone was heard to shout that he was "coming out." A small door to the compressor room opened and a male juvenile emerged. In response to the officers' questions, the juvenile stated two other persons were in the store. A search of the store was conducted and appellant and one Lubert Ned were found hiding behind some stacked boxes in the storeroom. Burlap bags filled with cigarettes were found piled on the floor of the store. A tire tool was found in the compressor room.

Marks found around the hasp on the compressor room door were consistent with marks which would have been made by the tire tool in prying the door open. An examination of the compressor room reflected that such room was attached to the food store and entry could be made from the compressor room into the main store through a small entrance large enough for a person to "squeeze through." The operator of the store testified that she did not give consent to appellant or anyone else to enter the store on the night in question.

■ The State was only required to prove there was a "breaking" as defined in Article 1394, V.A.P.C.[1] Callahan v. State, Tex.Cr.App., 502 S.W.2d 3. An examination of the small door to the compressor room revealed pry marks around the hasp. This was the door from which appellant's juvenile companion made his exit. The officer who was present when the youth emerged testified that the juvenile pushed the small door open and "crawled out from under the motors" in the compressor room.

---

1. Article 1394, V.A.P.C., provides:
   "By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

A prior check of the building reflected it was "secure." The marks found on the door were consistent with someone having used the tire tool found in the compressor room to pry the door open. No evidence was offered by appellant to refute the State's theory that entry was gained through the door to the compressor room.

■ Appellant urges that the testimony of officers reflects that entry to the store was gained through the small entrance between the main store and the compressor room described as large enough for a person to "squeeze through." If appellant be correct in his premise that entry to the store was here rather than at the compressor room door, the evidence sustains breaking by virtue of entry having been made at an "unusual place." Article 1394, V.A.P.C.; Rogers v. State, 128 Tex.Cr.R. 218, 80 S.W.2d 967; Anthony v. State, 151 Tex.Cr.R. 240, 207 S.W.2d 84.

We find that the State sustained its burden of proving a breaking under Article 1394, V.A.P.C., and that the evidence supports the conviction.

Appellant contends that the State failed to prove that the two prior convictions alleged for enhancement were subsequent in time and finality as to each other.

The two prior convictions alleged were:

(1) Cause No. 26,461, District Court of Jefferson County for felony theft by bailee; judgment and sentence bearing the date of February 7, 1967, and the judgment recites the offense was committed on March 14 1966.

(2) Cause No. 27,888, District Court of Jefferson County for felony theft; judgment and sentence bearing the date of January 2, 1970, and the judgment recites that the offense for which appellant was convicted was "committed on Sept. 8, 1969."

Appellant urges that the State failed to prove that the theft conviction in 1970 was for an offense committed after the conviction in 1967 became final.

■ The judgment in Cause No. 27,888 is dated January 2, 1970, and recites that the offense was committed on September 8, 1969. Thus, the two judgments show on their faces that one offense and conviction occurred after the commission and conviction of the prior offense. See Mistrot v. State, Tex.Cr.App., 471 S.W.2d 831.

Appellant contends that the conviction in Cause No. 27,888 is void due to improper sentence provisions.

■ The sentence in Cause No. 27,888 recites that appellant, whose punishment had been assessed at confinement in the penitentiary for three years, "shall be confined in said penitentiary for a term of not less than 2 nor more than 3 years." The conviction for theft is supported by the indictment introduced into evidence and the punishment assessed falls within the range of punishment provided for felony theft in Article 1421, V.A.P.C. The indeterminate sentence pronounced by the court was in accordance with the provisions of Article 42.09, Vernon's Ann.C.C.P.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.