Early **GARNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51122.

Court of Criminal Appeals of Texas.

April 20, 1977.

Rehearing Denied June 14, 1977.

Second Rehearing Denied July 13, 1977.

John M. Delaney, D. Brooks Cofer, Bryan, for appellant.

W. T. McDonald, Jr., Dist. Atty., and J. Bradley Smith, Asst. Dist. Atty., Bryan, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

The offense is forgery; the punishment, enhanced under V.T.C.A., Penal Code, Sec. 12.42(d), life.

Appellant's third ground of error contends the State failed to prove the second prior conviction, alleged for enhancement in the second paragraph of the indictment, was for an offense which occurred subsequent to the first previous conviction, as set forth in the third paragraph of the indictment, having become final. The indictment alleges appellant was convicted of burglary in Robertson County on April 13, 1964, and of burglary in the second degree in Oklahoma County, Oklahoma, on May 27, 1968.

Appellant pleaded not true to the enhancement paragraphs of the indictment and testified at the punishment phase of the trial. Although appellant admitted he had been convicted of burglary in Robertson County in 1964, and of burglary in Oklahoma in 1968, he testified he did not remember the date of commission of either offense.

State's exhibit two, a prison packet from the Oklahoma State Penitentiary, contains a judgment and sentence of conviction for burglary in the second degree on May 27, 1968, but this instrument does not recite the date of commission of the burglary. Cf. *Morgan v. State*, Tex.Cr.App., 507 S.W.2d 538. The record does not contain testimony of a peace officer with personal knowledge of the date of the commission of this offense. Cf. *McCarter v. State*, Tex.Cr.App., 527 S.W.2d 296.

The trial court admitted, over appellant's timely objection, State's exhibit five, a copy of an information from Oklahoma County alleging burglary in the second degree. The instrument is certified as a true, correct and complete copy by the court clerk; however, there is no certification that the clerk has legal custody of the writing. See *Morgan v. State*, Tex.Cr.App., 532 S.W.2d 85. The information was not authenticated in compliance with Art. 3731a, Sec. 4, V.A.T.S., and thus cannot be considered. Since the record does not otherwise show the date the information was filed, the period of limitations for burglary in Oklahoma is not relevant. See *Alvarez v. State*, Tex.Cr.App., 536 S.W.2d 357; *Juarez v. State*, Tex.Cr.App., 496 S.W.2d 638; *Norris v. State*, Tex.Cr.App., 488 S.W.2d 84; *Rogers v. State*, 169 Tex.Cr.R. 239, 333 S.W.2d 383.

V.T.C.A., Penal Code, Sec. 12.42(d) requires that the State prove the second previous felony conviction is for an offense that occurred subsequent to the finality of the first prior conviction. See *Wiggins v. State*, Tex.Cr.App., 539 S.W.2d 142. The State failed to meet this burden of proof. Although the error relates to punishment only, appellant elected to have the jury assess punishment. See *Bray v. State*, Tex.Cr.App., 531 S.W.2d 633.

For the error stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The indictment alleges that on or about February 5, 1974, appellant did with intent to defraud and harm another, pass to Mary Fread a writing that had been made so that it purported to be the act of another, who did not authorize the act.

Appellant contends that the State failed to prove that the Oklahoma conviction alleged for enhancement was for an offense which occurred subsequent to the conviction in Robertson County, Texas, alleged as the first of two prior felonies for enhancement.

Appellant admitted that he had been convicted for both offenses. The State introduced a properly certified copy of an indictment showing that the appellant had been indicted for the offense of burglary in Robertson County and the judgment and sentence, properly certified and exemplified, bearing the same cause number, were also introduced. Attached to the judgment and sentence were photographs and fingerprints. In this case the sentence had been pronounced against the appellant on April 13, 1964.

The State also introduced appellant's Oklahoma pen-packet containing properly certified and exemplified copies of the judg-

ment and sentence, along with photographs and fingerprints, showing that appellant had been convicted in Oklahoma County, Oklahoma, for the offense of second degree burglary on May 27, 1968.

Also admitted into evidence as provided for by Article 3718, V.A.C.S., were the printed statute books of the State of Oklahoma purporting to have been printed under authority in that state. Section 152 of Title 22 provides that the statute of limitations for the prosecution of burglary in the State of Oklahoma is three years.

Appellant testified at the punishment stage of the trial. He admitted that he had been convicted in April, 1964, in Robertson County and then spent time in the Texas Department of Corrections. Following his release he worked for a year and a half at a canning factory in Oklahoma. Garner then stated that he went to trial in Oklahoma in May of 1968 and had spent about four months in jail awaiting trial. He also said that eight other persons were involved with him in the offense in Oklahoma and that following his conviction he spent time in the Oklahoma State Penitentiary. On cross-examination he denied remembering when either of the offenses was committed.

Assuming that the information from the Oklahoma conviction should not have been admitted, there is sufficient proof to show that the offense was committed subsequent to the prior alleged conviction in Robertson County. A greater period of time than that provided by the Oklahoma statute of limitations elapsed between appellant's conviction in Robertson County and his conviction in Oklahoma.

The record reflects that appellant was born March 14, 1945. He testified that he lived in Franklin County most of his life and went to the ninth grade in school. The indictment alleges the date of the offense in Robertson County as December 22, 1962. He was seventeen years of age at the time of the commission of the offense. According to his testimony, he had been in jail over nine months before he was tried. He testified that after leaving the Texas De-

partment of Corrections he went to Oklahoma and held a job for a year and a half and that he was in jail in Oklahoma about four months before he was convicted in 1968. The records from Oklahoma show that he was a "Second Termer." Considering his age, his testimony about where he lived and the records, the evidence is sufficient to show that the offense for which appellant was convicted in Oklahoma occurred subsequent to his release from the Texas Department of Corrections for time served following the Robertson County, Texas conviction.

The judgment should be affirmed.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The State insists, in its motion for rehearing, that we are not following precedent. According to its position, the requirement of Section 4 of Art. 3731a, V.A.T.S., concerning certification of the attesting officer as the legal custodian of the official writing, was made inapplicable to enhancement cases by virtue of our decision in *Lopez v. State*, 171 Tex.Cr.R. 672, 352 S.W.2d 747.

The opinion in *Lopez v. State*, supra, provides:

"Appellant objected to the introduction of copies of the final judgment, sentence and commitment certified as being a true and full copy of the original by the deputy district clerk of the United States District Court for the Southern District of Texas. Such copies were admissible under the terms of Article 3731a, Vernon's Ann.Rev.St., and the holding of this Court in *Turley v. State*, 168 Tex.Cr.R. 363, 327 S.W.2d 580, and the cases there cited. We find no reversible error in the remarks of the court made while ruling on the admissibility of such documents."

The authority cited by the State does not do away with the requirement that the

**812**

attesting officer be certified as the legal custodian of the official writing, nor does our decision in *Turley v. State*, supra. In *Lopez*, the defendant asserted that the introduction of copies of a federal judgment and sentence violated the prohibition against hearsay evidence. Complaint was also voiced with regard to the trial court's comments during the introduction of the federal documents. But, the accused in that case never claimed that Art. 3731a, supra, was violated.[1]

Section 4 of Art. 3731a, supra, provides:

"Such writings or electronic records may be evidenced by an official publication thereof or by a copy or electronic duplication attested by the officer having the legal custody of the record, or by his deputy. Except in the case of a copy of an official writing or official electronic recording from a public office of this State or a subdivision thereof, the attestation *shall* be accompanied with a certificate that the attesting officer has the legal custody of such writing. . . ." (Emphasis added.)

The wording of this statute is mandatory. The information introduced by the State to support the enhancement allegations of the indictment has not been authenticated in compliance with the mandatory requirements of this statute. The information, therefore, cannot be used to support the enhancement of the appellant's punishment pursuant to V.T.C.A., Penal Code Sec. 12.-42(d).

The motion for rehearing is overruled.

---

1. We have reviewed the record in *Lopez v. State*, supra. There is no certificate that the attesting officer in that case had the legal custody of the federal documents as required by Sec. 4 of Art. 3731a, supra. Nevertheless, error in regard to this defect was not voiced by the accused, nor was this defect noted in our decision affirming the conviction.