**David Paul DAVIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–003–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 4, 1985.

Crampton, Crampton & Estrada, and Robert G. Estrada, Wichita Falls, for appellant.

Brock Smith, Dist. Atty., Decatur, for State.

Before FENDER, C.J., and HUGHES (Retired, sitting by assignment) and HOPKINS, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for murder under TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). The jury assessed punishment at life imprisonment in the Texas Department of Corrections.

A brief statement of the facts is necessary.

On May 12, 1984, Michael David Rulon, the deceased, and three companions were shot at by appellant, David Paul Davis, while camping at Wise County Park. Two of Rulon's companions were wounded. Rulon died as a result of a shotgun injury to the chest.

Appellant did not testify at trial. However, in a written statement given at the Wise County Sheriff's office, appellant asserted that 1) he saw Bronc Parsons and Larry Bouldin, two local men, aim a firearm at him and that they threatened him; 2) he was hiding from these men just before the shootings occurred; 3) he hid in the water at the park for 1 and ½ hours and then climbed onto the bank; 4) he heard a vehicle pull up and he heard male voices; 5) he "panicked" and began shooting and 6) he then went up and beat one of the shooting victims with his shotgun and that the gun then fell apart. Appellant also stated that he had smoked marihuana and snorted amphetamine before the shootings; the record indicates that this was done approximately five hours before the shootings occurred.

There was no evidence that Michael David Rulon or his companions had any connection with Bronc Parsons, Larry Bouldin or others who allegedly threatened appellant.

We affirm.

■ In his first ground of error, appellant contends that the trial court erred in overruling his objection to a statement made by the prosecutor. The record shows that the prosecutor argued as follows:

And really, I'd be tempted to say there is no evidence, except maybe in his own mind, that the defendant was an informant for [Ranger] Phil Ryan at all....

Appellant contends that because only he can testify as to what was in his mind, this was a comment on his failure to testify.

We find that the prosecutor's comment was not of such character that a jury would naturally and necessarily take it to be a comment on the failure to testify. *Garrett v. State*, 632 S.W.2d 350, 352 (Tex. Crim.App.1982). The prosecutor was apparently referring to the lack of evidence from *Ranger Ryan* that appellant was an informant.

Nor does the statement call for a denial of an assertion of fact by contradictory evidence that only the appellant is in a position to offer. *See id.* In fact, the statement asserts that appellant thought he was an informant for Ranger Ryan. Because appellant was trying to prove that he was an informant when he called Ranger Ryan to the stand, no denial of this assertion is called for. *See id.* For these reasons, appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in overruling appellant's objection to the prosecutor's statement during voir dire that the State had no burden of proof at the punishment phase of the trial. Appellant contends that the State does bear the

burden of proof as to punishment because under TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(b) (Vernon 1981) the "rules" are the same at both the guilt/innocence stage and the penalty stage. Appellant cites no direct authority supporting his contention and we have found none directly on point.

The State need not offer evidence at the penalty phase of the trial upon a plea of not guilty. *Wright v. State*, 468 S.W.2d 422, 425 (Tex.Crim.App.1971); *Morales v. State*, 416 S.W.2d 436, 437 (Tex.Crim.App. 1967). Therefore, it follows that because the State need not put on evidence at this stage of the trial, they have no burden of proof. *See generally Wright*, 468 S.W.2d at 425; *Morales*, 416 S.W.2d at 437.

The purpose of the penalty phase of a trial seems to be to allow both sides to offer evidence as to the prior criminal record of the defendant, his general reputation and his character, *see generally Brazile v. State*, 497 S.W.2d 302 (Tex.Crim. App.1973), rather than to require the State to prove anything in particular.

Further, the "rules" as to burden of proof are not the same at both stages as appellant alleges because, at the penalty phase of the trial, the accused is no longer presumed innocent, the State has satisfied its burden to prove him guilty and there is no longer a reasonable doubt as to his guilt. *Brown v. State*, 617 S.W.2d 234, 237 (Tex.Crim.App.1981).

Although it does not lie with State's counsel to tell the jury what the law is, *Atkinson v. State*, 157 Tex.Crim.R. 556, 251 S.W.2d 401, 403 (1952), we find that appellant was not harmed by the complained of voir dire. We fail to see how the jury could be influenced by the offending statement since the State did not offer any evidence at the punishment stage. *See generally, id.* Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in failing to admit certain Texas Department of Public Safety criminal histories concerning Bronc Parsons, Larry Bouldin and Randy Milligan. He contends that, once he has raised the issue of self defense, these records were admissible to explain appellant's state of mind, to show the reasonableness of his apprehension or fear and to show that these men were the aggressors.

There is no evidence that appellant knew of the criminal records of these men. If he did not know of their criminal records, the records cannot be offered to show appellant's state of mind, nor the reasonableness of his apprehension. *See Dixon v. State*, 634 S.W.2d 855, 857 (Tex.Crim.App.1982).

However, the records would be admissible to show whether Parsons, Milligan and Bouldin were the aggressors. *See Lowe v. State*, 612 S.W.2d 579, 581 (Tex.Crim.App. 1981). Before this improper exclusion of evidence can be deemed reversible error, though, we must examine the record to determine the harm, if any, in the court's ruling. *Robinson v. State*, 630 S.W.2d 394, 400 (Tex.App.—San Antonio 1982, pet. ref'd).

The record shows that much of the excluded evidence and other evidence concerning whether Parsons and others were the aggressors was already before the jury. There was evidence before the jury that 1) Parsons, Milligan and Bouldin were alleged drug traffickers, 2) Milligan had been arrested for murder, assault and "public order" crimes and 3) Parsons and Bouldin had threatened appellant with a firearm the day of the offense in question. The criminal records which were excluded would have shown that Parsons and Bouldin had been arrested for assault and that Bouldin had been arrested for unlawfully carrying a weapon. Because evidence concerning who were the aggressors was already substantially before the jury, we find no harm in the trial court's exclusion of the criminal histories. *See Robinson*, 630 S.W.2d at 401.

Even if the exclusion of the criminal records was harmful, there is another reason why they were properly excluded. The records were not admissible under TEX. REV.CIV.STAT.ANN. art. 3731a (Vernon

Supp.1985) or under TEX.REV.CIV.STAT. ANN. art. 3737e (Vernon Supp.1985), contrary to appellant's contentions.

The State objected to appellant's offer of the records on the ground that they are hearsay. Appellant then attempted to lay the proper predicate to bring the records into evidence under the exceptions in the two above cited statutes.

■ The records were inadmissible under TEX.REV.CIV.STAT.ANN. art. 3731a, the "governmental records exception," because they were not properly authenticated as required by section 4 of that article. *See id. See also Garner v. State,* 552 S.W.2d 809, 812 (Tex.Crim.App.1977). Section 4 states that:

> Such writings ... may be evidenced by an official publication thereof or by a copy ... attested by the officer having the legal custody of the record, or by his deputy. ... [T]he attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing. If the office in which the record is kept is within the United States ... the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by his seal of office.

TEX.REV.CIV.STAT.ANN. 3731a (Vernon Supp.1985). The certification showing legal custodianship is mandatory. *See Garner,* 552 S.W.2d at 812.

Here, the record contains no certificate showing that any person had legal custody of the criminal histories. Because the records were not properly authenticated in compliance with TEX.REV.CIV.STAT. ANN. art. 3731a, sec. 4 (Vernon Supp.1985) the trial court properly excluded them. *See Garner,* 552 S.W.2d at 812.

■ The criminal records were also inadmissible under TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1985), the "business records exception." This article requires that a "qualified witness" testify that 1) the records were made in the regular course of business; 2) it was in the

regular course of business for an employee with personal knowledge of the event to make the records and 3) the records were made at or near the time of the event. *Id. See also, McGowan v. State,* 664 S.W.2d 355 (Tex.Crim.App.1984). The identity and *mode of preparation* of the record may be proved by a qualified witness. TEX.REV. CIV.STAT.ANN. art. 3737e (Vernon Supp. 1985). (Emphasis ours.) Captain Norton, called by appellant as the sponsoring witness for the records, is clearly not a qualified witness. He testified that 1) he is an employee of the Wise County Sheriff's Department; 2) the records are made by the Department of Public Safety in Austin; 3) the records are mailed to him and he keeps them for the Sheriff's Department; 4) he is not sure whether the records are correct; 5) the records could possibly be those of men other than Parsons, Bouldin and Milligan, who merely have the same name; 6) he does not know how the records are kept in Austin.

A qualified witness need not have personal knowledge as to the contents of the records. TEX.REV.CIV.STAT.ANN. art. 3737e sec. 3 (Vernon Supp.1985). He need only have knowledge of the mode of preparation of the records. *See Knapper v. State,* 629 S.W.2d 865 (Tex.App.—Houston [14th Dist.] 1982). Here, Captain Norton testified that he was not familiar with how the records are made in Austin. He was not qualified to be a sponsoring witness under TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1985). Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court erred in failing to give instructions on the defense of insanity "where the issue was raised by the evidence." Appellant asserts that the defense of insanity may have been raised because there was some testimony from a camper that appellant was "incoherent;" that some "crazy guy" was out at the park shooting people; and that appellant appeared "glassy eyed" the day of his arrest. No other evidence was offered concerning whether appellant had any mental defect or

disease. We find that this evidence in the record, alone, is insufficient to raise the defense of insanity. *See Denison v. State,* 651 S.W.2d 754, 760 (Tex.Crim.App.1983) (testimony by witness that defendant "was drugged and should seek psychiatric help" insufficient to raise insanity defense). The trial court properly refused to instruct the jury concerning the defense of insanity. *See id.* Appellant's fourth ground of error is overruled.

 In his fifth and sixth grounds of error, appellant contends that the trial court erred in limiting the jury's consideration of the surrounding facts and circumstances of the offense "to the appellant's state of mind." He asserts that the court should have instructed the jury that they could consider any evidence of threats made by Parsons, Milligan and Bouldin along with appellant's prior difficulties with these men.

We find that the trial court properly instructed the jury concerning self defense. The trial court charged the jury to "consider the evidence of *all relevant facts and circumstances surrounding the alleged shooting* of Michael David Rulon *with* all relevant facts and circumstances going to show the condition of the mind of ... [appellant] at the time of the alleged offense." (Emphasis ours.)

The trial court further charged the jury that if [they believed] "from the evidence ... that viewed from the standpoint of ... [appellant], [appellant] reasonably believed that [the deceased or his companions] *or another* acting with such persons, was ... attempting to use unlawful deadly force against him and that he reasonably believed that the use of force ... [was] immediately necessary to protect himself ... then [they] should acquit [appellant]...." (Emphasis ours.)

The wording of the charge allows the jury to consider all circumstances relevant to the shooting and to appellant's state of mind, which would include evidence concerning the threats and prior difficulties with Parsons, Milligan and Bouldin. The jury could consider this evidence relevant to the shooting and to the state of mind of appellant. Appellant's contention that the charge prevented the jury from considering this evidence is unfounded. Because the charge refused is substantially the same as the charge given, *Sheppard v. State,* 545 S.W.2d 816 (Tex.Crim.App.1977), appellant's fifth and sixth grounds of error are overruled.

The judgment is affirmed.