The STATE of Texas, Appellant,

v.

Robert Charles LEWIS, Appellee.

No. 05–95–00718–CR.

Court of Appeals of Texas, Dallas.

Feb. 5, 1996.

Donald A. Parks, Greenville, for appellee.

F. Duncan Thomas, District Attorney, Greenville, for appellant.

Before KINKEADE, OVARD, and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Robert Charles Lewis of delivery of cocaine and sentenced appellee to two years, probated for two years. In a single point of error, the State alleges the trial court erred in sentencing appellee outside the applicable range of pun-

ishment. We reverse the trial court's judgment.

## BACKGROUND

The grand jury indicted appellee for delivery of cocaine in an amount under twenty-eight grams. The indictment alleged the offense occurred on or about July 22, 1994.

Appellee moved the trial court to sentence him as a state jail felon. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon Supp.1996). The trial court granted appellee's motion. The State objected to the trial court's granting appellee's motion. However, the State told the trial court if it were going to punish appellee as a state jail felon, the State would recommend the trial court sentence appellee to two years, probated for two years. Appellee entered his plea of guilty to a state jail felony. The trial court sentenced appellee to two years in a state jail, probated for two years. The trial court also assessed a thirty-day jail sentence as a condition of probation.

## THE SENTENCE

In the State's only point of error, it argues the trial court erred in sentencing appellee outside the range of punishment. Specifically, it contends because appellee committed the offense before September 1, 1994, the trial court could only assess first degree felony punishment. Appellee responds that any offense reduced by legislative amendment after an offense is committed, but before final judgment, allows the trial court to assess punishment under the reduced sentence. *See* TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

### 1. Void Sentence

#### a. Applicable Law

In July, 1994, delivery of cocaine in an amount less than twenty-eight grams was a first degree felony. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen. Laws 2230, 2935, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex.Gen.Laws 3586, 3705 (current version at TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1996)). At that time, the

range of punishment under this section for a first degree felony was confinement in the institutional division of the Texas Department of Corrections for life or from five to ninety-nine years and a $20,000 fine. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2933, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.07, 1993 Tex.Gen.Laws 3586, 3714. Effective September 1, 1994, delivery of cocaine in an amount less than one gram became punishable as a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon Supp.1996). A state jail felony is punished by confinement in a state jail from 180 days to two years, and a fine not to exceed $10,000. TEX.PENAL CODE ANN. § 12.35(a) & (b) (Vernon 1994).

■ If a punishment is not authorized by law, the sentence is void. *Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991) (op. on reh'g). In plea bargain cases, when specific performance is impossible, "the only remedy is to order the plea withdrawn and return the parties, including the State, to their original positions." *Id.* at 340.

### b. Application of Law to Facts

Appellee was indicted for delivery of cocaine in an amount less than twenty-eight grams. Neither party contests that the offense occurred on July 22, 1994. Nor does either party contest that all relevant portions of the penal code and health and safety code became effective on September 1, 1994.

■ The State relies on the enabling legislation that accompanied the amendments to the health and safety code. This section provides as follows:

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article....

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705. Appellee relies on the portion of the government code that allows a defendant to be sentenced under the lesser penalty range if a legislative amendment decreased an offense's penalty. TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

The court of criminal appeals has previously resolved conflicts between section 311.031(b) and specific enabling legislation regarding changed penalty ranges. It has held that specific enabling legislation supersedes government code section 311.031(b). *See Ex parte Mangrum,* 564 S.W.2d 751, 755 (Tex.Crim.App. [Panel Op.] 1978); *accord Wilson v. State,* 899 S.W.2d 36, 38–39 (Tex. App.—Amarillo 1995, pet. ref'd).

We hold that section 311.031(b) of the government code does not apply to the 1994 amendments of the penal code and health and safety code. The only punishment the trial court could impose for appellee's offense was life imprisonment or a sentence from five years to ninety-nine years and a $20,000 fine. The trial court's sentencing appellee to two years, probated, was not authorized by law. Therefore, appellee's sentence is void. We sustain the State's point of error.

Because the plea bargain agreement was impossible to perform, we remand this case to the trial court and place the parties in their original positions before the negotiated plea. We reverse the trial court's judgment and remand this case to the trial court.