**Edward Allen WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–95–01637–CR.**

Court of Appeals of Texas, Dallas.

Dec. 4, 1996.

John G. Tatum, Dallas, for appellant.

Wendy Koster, Assistant District Attorney, Dallas, for appellee.

Before LAGARDE, KINKEADE, and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Edward Allen Wright of possession of heroin and assessed a six year sentence and a $500 fine. In two points of error, appellant complains that the trial court erred in (1) overruling appellant's motion to be tried and sentenced for a state jail felony, and (2) assessing an illegal and void sentence. We reverse the trial court's judgment and remand.

## BACKGROUND

The grand jury indicted appellant for possession of less than one gram of heroin. The indictment alleged that the offense occurred in June 1995. The indictment also alleged one enhancement paragraph—a prior burglary of a building conviction.

Appellant and the State entered into a plea bargain agreement. Appellant agreed to enter a plea of guilty to the possession charge and a plea of true to the enhancement paragraph in exchange for the State's recommending a six year sentence and a $500 fine. Additionally, appellant retained the right to appeal the court's decision not to punish him as a state jail felon. The trial court followed the plea bargain agreement.

## THE SENTENCE

In appellant's first and second points of error, he complains the trial court erred in denying appellant's motion to be tried and sentenced for a state jail felony. Consequently, he argues the trial court erred by imposing an illegal and void sentence. The State concedes error and requests we remand the cause on punishment only.

### 1. Applicable Law

Possession of heroin in an amount less than one gram is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1997). The punishment range for a state jail felony is confinement in a state jail from 180 days to two years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.35(a) & (b) (Vernon Supp. 1997). In June 1995, the code of criminal procedure required the trial court to suspend imposition of a sentence in a state jail felony conviction and place a defendant on community supervision. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3731, *amended by* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex.

Gen. Laws 2734, 2754 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15(a) (Vernon Supp.1997)).[1]

However, a trial court could punish a state jail felony as a third degree felony if: (1) the defendant used or exhibited a deadly weapon during commission of or immediate flight from the offense charged; (2) the defendant's previous conviction was for a 3g(a)(1) offense under article 42.12 of the Texas Code of Criminal Procedure; or (3) the defendant's previous conviction contained an affirmative finding of a deadly weapon. *See* TEX. PENAL CODE ANN. § 12.35(c) (Vernon Supp.1997). A defendant who was punished under section 12.35(c) and had been previously convicted of a felony could be punished for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (Vernon Supp.1997).

■ If a punishment is not authorized by law, the sentence is void. *State v. Lewis,* 918 S.W.2d 557, 559 (Tex.App.—Dallas 1996, no pet.) (citing *Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991) (op. on reh'g)). When a plea bargain is impossible to perform, we must order the plea withdrawn and return the parties to their original positions. *Lewis,* 918 S.W.2d at 559.

### 2. Application of Law to Facts

■ Appellant's indictment did not allege the use or display of a deadly weapon during the commission of this offense. Appellant's indictment alleged that his prior conviction was for burglary of a building. Burglary of a building is not an article 42.12, section 3g(a)(1) offense. Nor does the record show that appellant's previous conviction contained an affirmative finding that appellant used or exhibited a deadly weapon during the commission of that burglary. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1997). Consequently, the trial court sentenced appellant outside the punishment range for a state jail felony—an illegal sentence. A plea bargain that contains an illegal sentence is one in which performance

is impossible. We sustain appellant's first and second points of error.

Because the plea bargain agreement was impossible to perform, we must order appellant's plea of guilty withdrawn and remand this case to the trial court to place the parties in their original positions before entry of the negotiated guilty plea. *See Ex Parte Trahan,* 781 S.W.2d 291, 293 (Tex.Crim.App. 1989).

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

---

1. The legislature amended section 15(a) of article 42.12 of the code of criminal procedure, effective January 1, 1996, to provide that, if a defendant previously had been convicted of a felony, the judge *"may* suspend the imposition of the sentence and place the defendant on community supervision or *may* order the sentence to be executed." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15(a) (Vernon Supp.1997) (emphasis added).