ACCEPTED
05-14-01106-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/30/2015 3:41:50 PM
LISA MATZ
CLERK

**No. 05-14-01106-CR**
**No. 05-14-01107-CR**

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/30/2015 3:41:50 PM
LISA MATZ
Clerk

---

**DEWAYNE KEITH FINCHER**,
Appellant

**v.**

**THE STATE OF TEXAS**,
Appellee

---

On Appeal from the
194th Judicial District Court
Dallas County, Texas
Trial Nos. F08-63186 and F10-51689

---

**BRIEF FOR APPELLANT**

---

**Christian T. Souza**
SBN: 00785414
*Attorney for Appellant*

4303 N. Central Expressway
Dallas, Texas 75205
Tel. (214) 862-7462
Fax (214) 696-0867
ctsouza@gmail.com

**LIST OF PARTIES**

**Appellant**                        Dewayne Keith Fincher

**Attorneys for Appellant**          Christian T. Souza (on appeal, both cases)
                                     Hank Judin (plea in 2008 case)
                                     Gary Unell (plea in 2010 case)
                                     Jeremy Gordon (2012 revocation, both cases)
                                     Nicolas Quezada (2014 revocation, both cases)

                                     All of Dallas, Texas, except Jeremy Gordon, of
                                     Mansfield, Texas

**Prosecutors**                      Christina Terrell (plea in 2008 case)
                                     Patrick Jordan (plea in 2008 case)
                                     Dominique Collins (plea in 2010 case)
                                     Catherine Robinson (2012 revocation, both cases)
                                     James Albaugh (2014 revocation, both cases)
                                     Assistant District Attorneys, Dallas County

                                     Susan Hawk, District Attorney (on appeal)

                                     Dallas County District Attorney's Office
                                     133 N. Riverfront, Dallas, Texas 75207

**TABLE OF CONTENTS**

LIST OF PARTIES………………………………..…………………………2

LIST OF AUTHORITIES………………………………………….….…4

STATEMENT OF THE CASES………………………………………...6

ISSUES PRESENTED……………………………………………….9

STATEMENT REGARDING ORAL ARGUMENT……………..………...10

STATEMENT OF FACTS…………………………………...……………10

SUMMARY OF THE ARGUMENT…………………………..…………11

ARGUMENT…………………………………………………….…..11

    **Point of Error One** ………………………………………..………11

    The enhanced sentence for the heroin offense is void due to the absence of findings on the enhancement allegations.

    **Points of Error Two and Three**……………….…..….…….…………15

    The enhanced sentences are void in both cases because there was no date for the second prior offense.

CONCLUSION AND PRAYER…………………………………………20

CERTIFICATE OF WORD COUNT……………………………….…..21

CERTIFICATE OF SERVICE…………………………………..….…..21

**LIST OF AUTHORITIES**

CASES

*Campos v. State*,
   927 S.W.2d 232 (Tex. App.—Waco 1996, no pet.)……….…...………….……14

*Ex parte Pena*,
   71 S.W.3d 336 (Tex. Crim. App. 2002)………….…………………………....13

*Ex parte Rich*,
   194 S.W.3d 508 (Tex. Crim. App. 2006)………………………….…..13, 15, 18

*Ex parte Seidel*,
   39 S.W.3d 221 (Tex. Crim. App. 2001)………….…………………….......…14

*Ex parte Sims*,
   868 S.W.2d 803 (Tex. Crim. App. 1993)……....……………………………..14

*Fanniel v. State*,
   73 S.W.3d 557 (Tex.App.—Houston [1st Dist. 2002], no pet.)…………….....14

*Garner v. State*,
   858 S.W.2d 656 (Tex. App.—Fort Worth 1993, pet. ref'd)……………….…..13

*Garner v. State*,
   552 S.W.2d 809 (Tex. Crim. App. 1977)………………………………….…17

*Mizell v. State*,
   119 S.W.3d 804 (Tex. Crim. App. 2003) (en banc)……………..…..13, 15, 18

*Shute v. State*,
   945 S.W.2d 230 (Tex. App. — Houston [1st Dist.] 1997, pet. ref'd)……...14

*Speth v. State*,
   6 S.W.3d 530 (Tex. Crim. App. 1999)…………………………………….…14

*State v. Lewis*,
918 S.W.2d 557 (Tex. App.—Dallas 1996, no pet.)……………………………...14

STATUTES

TEX. CODE CRIM. PROC. art. 12.01(5) (1991)……………………………………………..17

TEX. HEALTH & SAFETY CODE § 481.112(a)…………………………………………….6

TEX. HEALTH & SAFETY CODE § 481.112(b)…………………………………....…8, 19

TEX. HEALTH & SAFETY CODE § 481.112(c)………………………………....15, 18-19

TEX. PENAL CODE § 12.33……………………………………………....6, 15, 18-19

TEX. PENAL CODE § 12.35(a)……………………………………………...…8, 19

TEX. PENAL CODE § 12.42(a) (former provision)…………………………………8, 18

TEX. PENAL CODE § 12.42(d)………………………………………...…6, 15, 17-18

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellant Dewayne Keith Fincher and submits this brief on appeal from his convictions in Cause Nos. F08-63186-M (05-14-01106-CR) and F10-51689-M (05-14-01107-CR) following the revocation of his deferred adjudication probations in the 194th District Court, Hon. Ernest White III, Judge Presiding.

## STATEMENT OF THE CASES

**2008 Possession of Heroin with Intent to Deliver (One to Four Grams)**

In Cause No. F08-63186-M, Appellant was charged by the January 2009 indictment with possessing heroin with intent to deliver on November 18, 2008. (CR1: 13). TEX. HEALTH & SAFETY CODE § 481.112(a). The State alleged the involvement of one gram or more but less than four grams, which made the offense a second-degree felony that was punishable by confinement in the Institutional Division of the Texas Department of Criminal Justice for two to 20 years. TEX. HEALTH & SAFETY CODE § 481.112(c); TEX. PENAL CODE § 12.33. The indictment contained two enhancement paragraphs alleging prior convictions in Dallas County Cause Nos. F93-68607 and F85-84425, which, if found true, would make the range of confinement 25 to 99 years or life in the Institutional Division. (CR1: 13). TEX. PENAL CODE § 12.42(d). Appellant entered into a plea agreement, and he executed a judicial confession that recited the alleged prior offenses. (CR1: 37-38, 40). On

6

June 12, 2009, the trial court placed Appellant on deferred adjudication probation for a period of ten years. (CR1: 43-44).

In January 2010, the State filed a motion to adjudicate, alleging various violations of Appellant's probation conditions, including that Appellant had committed a new offense: Cause No. F10-51689-M (Appeal No. 05-14-01107-CR) (CR1: 56-57). *See* Statement of the Cases, *infra* at 8. The revocation motion was withdrawn in connection with Appellant's guilty plea to the new offense. (RR4: 10, 12). Additional adjudication motions followed in March 2012 (CR1: 65-66) and in June 2012. (CR1: 69-70, 74). In July 2012, the trial court modified Appellant's conditions of probation. (CR1: 69-70, 74). The State filed another motion to adjudicate in August 2013, which again resulted in modified conditions. (CR1: 81-82, 91). There were additional motions to adjudicate in September 2013 (CR1: 93-94) and in May 2014. (CR1: 98-99). On August 14, 2014, the court adjudicated guilt and sentenced Appellant to 35 years' confinement. (CR1: 115-116).

Appellant filed notices of appeal on August 21, 2015 and September 12, 2014. (CR: 125, 158). Appellant timely filed a Motion for New trial (CR1: 133), an Amended Motion for New Trial and Motion for New Adjudication and Punishment or Withdrawal of Pleas (CR1: 139-144), and a Second Amended Motion for New Trial and Amended Motion for New Adjudication and Punishment

or Withdrawal of Pleas. (CR1: 148-153). The court conducted a hearing on Appellant's amended post-verdict motion on October 27, 2014, and Appellant requested a ruling that day. (RRSUP: 14). The trial court made a docket entry denying the motion on October 29, 2015. (CR1SUP: 23; RRSUP: 14).

**2010 Possession of Cocaine with Intent to Deliver (Under One Gram)**

Appellant was indicated on March 4, 2010 in Cause No. F10-51689-M for possessing less than one gram of cocaine with intent to deliver on January 27, 2010. (CR2: 13). The alleged offense was a state jail felony punishable by confinement in the State Jail Division from 180 days to two years. TEX. HEALTH & SAFETY CODE § 481.112(b); TEX. PENAL CODE § 12.35(a). The indictment contained two enhancement paragraphs alleging prior convictions in Dallas County Cause Nos. F93-68607 and F85-84425 (the same offenses alleged for enhancement of the 2008 offense), which, if found true, made the range of punishment two to 20 years confinement in the Institutional Division. *See* TEX. PENAL CODE § 12.42(a) (providing prior sequential offenses enhancement for offenses under Section 12.35(a) that were committed prior to September 1, 2011); TEX. PENAL CODE § 12.425(b) (current provision); 2011 Tex. ALS 834; 2011 Tex. Gen. Laws 834; 2011 Tex. Ch 834; 2011 Tex. HB 3384 (deleting provision from Section 12.42(a)). After Appellant pleaded guilty and executed a written judicial confession, the trial

court placed him on deferred adjudication probation for a period of eight years. (CR2: 54-55, 62; RR4: 8).

The ensuing procedural background in Appellant's 2010 cocaine case essentially tracked his 2008 heroin case. There were revocation allegations, motion withdrawals, modifications of conditions, and ultimately the trial court revoked Appellant's probation on August 14, 2014, with the punishment in this case set at eight years' confinement. (CR2: 143-44). *See* Statement of the Cases, *supra*, at 6-7. Appellant timely filed Notice of Appeal, and the trial court denied Appellant's timely post-revocation motions, which were similar to his motions in his 2008 case. (CR1SUP: 23; RRSUP: 14).

## ISSUES PRESENTED

### Point of Error Number One

*The enhanced sentence in the heroin case is void because*
*the trial court never found that the enhancement allegations were true.*

### Point of Error Number Two

*The enhanced sentence is void in Appellant's heroin case because no*
*date of offense was shown for the second prior offense.*

### Point of Error Number Three

*The enhanced sentence is void in Appellant's cocaine case because no*
*date of offense was shown for the second prior offense.*

## STATEMENT REGARDING ORAL ARGUMENT

The issues in this case may be resolved adequately through the briefing of the parties. Therefore, Appellant does not request oral argument.

## STATEMENT OF FACTS

The facts of the underlying offenses are undisputed. Appellant admitted that he possessed one to four grams of heroin with intent to deliver in 2008 and that he possessed less than one gram of cocaine with intent to deliver in 2010. (RR2: 5; RR3: 4; RR4: 5). Appellant committed the cocaine offense after he was already serving deferred adjudication probation on his heroin offense. (CR2: 13). The trial court granted deferred adjudication probation in the cocaine case, and it continued Appellant's probation in his heroin case, on condition that Appellant participated in the SAFPF program.[1] (CR1: 58). Additional adjudication motions followed, based on alleged violations including failures to satisfy financial conditions, SAFPF requirements, and reporting requirements. (CR1: 65-66, 67-70, 74, 81-82, 93-94, 98-99). While the trial court indicated in July 2012 that it had been "impressed" about Appellant's progress in drug treatment, it revoked Appellant's probation in both cases on August 14, 2014, notwithstanding the absence of new offenses. (RR5: 27-28; RR6: 6). Aside from financial questions, the basis for

---

[1] SAFPF is an acronym for the Substance Abuse Felony Punishment Program administered by the Rehabilitation Division of the Texas Department of Criminal Justice. *See* http://www.tdcj.state.tx.us/divisions/rpd/, last visited June 26, 2015.

Appellant's revocations was that he failed to report. (CR1: 104; CR2: 106; RR6: 23, 31, 37). The trial court sentenced Appellant to confinement for 35 years in the heroin case and to confinement for eight years in the cocaine case. (CR1: 115-116; CR2: 143-44).

## SUMMARY OF THE ARGUMENT

The State failed to establish the sequence of prior offenses for punishment enhancement in Appellant's two controlled substance offenses, because there was no showing that Appellant committed the second prior offense subsequent to his conviction for the first prior offense. Moreover, in one of the cases, the trial court never found that the enhancement allegations were true. The enhanced sentences are thus illegal and void.

## ARGUMENT

### Point of Error Number One

*The enhanced sentence in the heroin case is void because
the trial court never found that the enhancement allegations were true.*

### *Additional Background*

The trial court conducted proceedings on Appellant's plea agreement in Cause No. F08-63186-M (05-14-01106-CR) on June 1 and June 12, 2009. (CR1: 8, 37-38, 40; RR2: 1). According to the written plea agreement, Appellant would plead true to the "second and third" enhancement paragraphs, and he was admonished that the range of confinement would be five to 99 years or life. (CR1:

11

37-38). Appellant signed a judicial confession that tracked the indictment, which alleged that he committed the offense on November 18, 2008, after convictions for two prior felony offenses, and Appellant verbally stated that he pleaded true to "the enhancement paragraph" contained in the indictment. (CR1: 37-38, 40; RR2: 6-7). The indictment and judicial confession stated as follows:

> And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of POSSESSION WITH INTENT TO DELVER[sic]/2nd, on the 18[th] day of April, 1995, in Case Number F936[sic]-68607 on the docket of the 363RD JUDICIAL DISTRICT COURT, of DALLAS, County, Texas under the name of DEQAYNE KEITH FINCHER and said conviction was a final conviction,

> And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of POSSESSION OF A CONTROLLED SUBSTANCE, on the 8TH day of NOVEMBER, 1988, A.D., in Case Number F85-84425 on the docket of the 203RD JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of DEWAYNE KEITH FINCHER and said conviction was a final conviction.

(CR1: 13, 40).

The trial court noted that the written "Plea bargain here [was] calling for the Court not to find…the paragraphs true at this time, at least, hopefully never." (CR2: 5). In finding that the evidence supported Appellant's "plea to this case," the trial judge specified: "I do not find you 'true' as to the paragraphs." (RR3: 4). The trial court warned Appellant, nevertheless, that the minimum confinement could be

25 years if his probation were revoked, because the enhancement allegations "will be found true." (RR2: 6).

The first page of the deferred adjudication judgment indicates in error that the trial court found Appellant's pleas to the first and to the second enhancement paragraphs to be true. (CR1: 43-44; RR3: 4). The judgment adjudicating guilt refers to the offense of conviction as a "2ND DEGREE FELONY." (CR1: 115).

There were no docket entries to indicate that the trial court found the enhancement allegations to be true when it granted deferred adjudication or when it adjudicated Appellant's guilt and sentenced him to 35 years' confinement. (CR1: 8-12, 115).

### *Absence of Finding of True*

Under the general rule, complaints about the court's failure to orally make findings on enhancement paragraphs must be raised at trial in order to be preserved for appeal. *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd). However, when a sentence is void, a defendant may complain about it at any time. *Ex parte Rich*, 194 S.W.3d 508, 511-14 (Tex. Crim. App. 2006); *see Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) (characterizing a "void" or "illegal" sentence as one that is "not authorized by law"). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App.

2003) (en banc); *Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4 (Tex. Crim. App. 2001); *Ex parte Sims*, 868 S.W.2d 803, 804 (Tex. Crim. App. 1993); *State v. Lewis*, 918 S.W.2d 557, 559 (Tex. App.—Dallas 1996, no pet.); *see also Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999) (holding that a defendant has an "absolute and non-waiveable right to be sentenced within the proper range of punishment").

The trial court in Appellant's case was not obligated to find the enhancement allegations to be true. *Shute v. State*, 945 S.W.2d 230, 232 (Tex. App. — Houston [1st Dist.] 1997, pet. ref'd); *Campos v. State*, 927 S.W.2d 232, 235-36 (Tex. App.—Waco 1996, no pet.). Accordingly, the trial court deliberately withheld any finding that the enhancement allegations were true when it granted deferred adjudication probation in 2009. *See Fanniel v. State*, 73 S.W.3d 557, 559-60 (Tex.App.—Houston [1st Dist. 2002], no pet.) (vacating *nunc pro tunc* judgment that added deadly weapon finding after trial court "explicitly said she was making no findings"). When the trial court revoked Appellant's probation in 2014, it decided not to act on its earlier warning that it could find the enhancement allegations to be true; its judgment simply indicated that Appellant was convicted of a second-degree felony. The trial court's original decision — "I do not find you 'true' as to the paragraphs"— was never revised. (RR3: 4). Appellant's 35-year sentence was illegal as outside of the 20-year maximum, since there were no

14

findings of true to the enhancement paragraphs. TEX. HEALTH & SAFETY CODE § 481.112(c); TEX. PENAL CODE §§ 12.33, 12.42(d); *Ex parte Rich*, 194 S.W.3d at 511-14; *Mizell*, 119 S.W.3d at 806.

This Court cannot conclude that the trial court impliedly revised its express non-finding by erroneously imposing punishment according to the enhanced range. The trial court was not making implied findings in either case; as shown in Appellant's cocaine case, the trial court expressly found that the enhancement paragraphs "are true," and it made corresponding notations on the docket sheet in that case.[2] (CR2: 9, 12, 54; RR).

For the reasons shown, this Court should sustain Point of Error One, vacate the sentence in Appellant's heroin case, and remand for re-sentencing where the available punishment will be confinement from two to 20 years and a fine not to exceed $10,000.00.

---

[2] The written deferred adjudication order in Appellant's cocaine case erroneously stated "N/A" with respect to pleas or findings on the enhancement allegations. (CR2: 9, 54, 81, 143; RR6: 39-40).

15

**Point of Error Number Two**

*The enhanced sentence is void in Appellant's heroin case because no date of offense was shown for the second prior offense.*

**Point of Error Number Three**

*The enhanced sentence is void in Appellant's cocaine case because no date of offense was shown for the second prior offense.*

Appellant demonstrates in Points of Error Two and Three that his enhanced sentences are void, because the enhancements required a finding, when none could be made, that the second previous felony conviction was for an offense that occurred subsequently to the first previous felony conviction. Points of Error Two and Three are discussed together because they involve a common nexus of fact and law.

### *Additional Background (Points of Error Two and Three)*

The indictments alleged that Appellant was subject to enhancement on the basis of two prior convictions: first he was convicted in F85-84425, and then he was convicted in F93-68607. (CR1: 13; CR2: 13). *See* excerpt of indictments, *supra*, at 12. Appellant was convicted in the alleged first prior, the offense that was indicted in 1985, on November 8, 1988. *Id*. Appellant was convicted in the second alleged prior, the offense that was indicted in 1993, on April 18, 1995. *Id*. The record does not indicate when Appellant committed the 1993 offense. *Id*. In other words, there was no allegation or indication that Appellant did not commit

16

the second alleged prior (possession of a controlled substance with intent to distribute) before November 8, 1998, the date when he was convicted for committing the first alleged prior (simple possession of a controlled substance).

### *Absence of Date of Commission of Second Prior*
### *(Points of Error Two and Three)*

The statute of limitations for the possession with intent to deliver offense was three years in 1993. TEX. CODE CRIM. PROC. art. 12.01(5) (1991). The alleged offense could have been committed, relying strictly on the statute of limitations, as far back as 1989 (December 31, 1992 minus three years equals December 31, 1989). It would be approximately 13 months more, if the statute of limitations were disregarded, for the alleged offense to have transpired before Appellant was convicted in November 1988 for the first prior, the alleged 1985 offense.

This Court should not presume that the offense that was indicted in 1993 was committed within the statute of limitations. In *Garner v. State,* the record failed to show the date when the second prior conviction was committed, which made the evidence insufficient to support the enhancement, according to the majority. *Garner v. State*, 552 S.W.2d 809, 810-11 (Tex. Crim. App. 1977). Applying the majority opinion in *Garner*, there could be no enhancements in Appellant's cases, since they each depended on absent proof that he committed the second prior offense after he was convicted for committing the first prior. *See* TEX. PENAL CODE § 12.42(d) (enhancement of second-degree offense to first-

17

degree offense with 25-year minimum); TEX. PENAL CODE §§ 12.42(a) (providing enhancement of state jail to second-degree range for state jail offenses committed prior to Sept. 1, 2011).

The enhanced sentences in Appellant's cases of 35 years in the heroin case and eight years in the cocaine case were illegal as outside of the applicable maximums, since the judicial confessions did not establish that the second prior offense was committed after Appellant was convicted for the first prior offense. TEX. HEALTH & SAFETY CODE § 481.112(c); TEX. PENAL CODE §§ 12.33, 12.42(d); *Ex parte Rich*, 194 S.W.3d at 511-14; *Mizell*, 119 S.W.3d at 806. Since the State relied on Appellant's pleas of true that did not show that the second prior offense was committed after he was convicted of the earlier offense, there were no valid findings of true to the enhancement paragraphs. *See Wise v. State*, 394 S.W.3d 594, 599-601(Tex. App. — Dallas 2012, no pet.) (holding that the State failed to meet its burden of proving the enhancement allegations when the defendant did not plead true and there was no other evidence).

### *Conclusion on Point of Error Two*

For the reasons shown, this Court should sustain Point of Error Two, vacate the sentence in Appellant's heroin case, and remand for re-sentencing where the available punishment will be confinement from two to 20 years in the Institutional Division and a fine not to exceed $10,000.00. Appellant was sentenced to 35

years' confinement when the maximum confinement was 20 years in the Institutional Division. TEX. HEALTH & SAFETY CODE § 481.112(c); TEX. PENAL CODE § 12.33.

### *Conclusion on Point of Error Three*

For the reasons shown, this Court should sustain Point of Error Three, vacate the sentence in Appellant's cocaine case, and remand for re-sentencing where the available punishment will be confinement from 180 days to two years in the State Jail Division and a fine not to exceed $10,000.00. Appellant was sentenced to confinement for eight years when the maximum available confinement was two years in the State Jail Division. TEX. HEALTH & SAFETY CODE § 481.112(b); TEX. PENAL CODE §§ 12.35(a).

## CONCLUSION AND PRAYER

WHEREFORE, Appellant prays that this Court vacate the sentences, reverse the judgments in both cases, and remand for further proceedings. Appellant prays for any such further and other relief to which he may be justly entitled.

Respectfully submitted,

/s/ Christian T. Souza
**Christian T. Souza**
SBN: 00785414
4303 N. Central Expressway
Dallas, Texas 75205
Tel. (214) 862-7462
Fax (214) 696-0867
ctsouza@gmail.com

**Counsel for Appellant**

**CERTIFICATE OF WORD COUNT**

I hereby certify that the word count in this document is 3,663 words. The document was prepared in Microsoft Word in Times New Roman 14-point type.

/s/ Christian T. Souza
Christian T. Souza

**CERTIFICATE OF SERVICE**

I certify serving a true and correct copy of this brief to the Appellate Division, Dallas County District Attorney's Office, by electronic mail to dcdaappeals@dallascounty.org on this 30th day of June 2015.

/s/ Christian T. Souza
Christian T. Souza